**CONSOLIDATION COAL COMPANY, Plaintiff,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Defendant.**

**No. 82T05–8808–TA–00045.**

Tax Court of Indiana.

May 11, 1989.

James M. Buthod, Buthod, Longest, Rietman & Steedman, Evansville, Richard J. Klein, Richard A. Sherry, Consolidation Coal Co., Pittsburgh, Pa., for plaintiff.

Linley E. Pearson, Atty. Gen. by Joel Schiff, Deputy Atty. Gen., Indianapolis, for defendant.

FISHER, Judge.

Plaintiff, Consolidation Coal Company, appeals a final determination made by the Defendant, Indiana Department of State Revenue, regarding the tax years 1983, 1984, and 1985. No material facts are in dispute and the parties have each filed a motion for summary judgment.

Consolidation is incorporated in Delaware and has its principal place of business in Pennsylvania. It has a regional office in West Virginia. Consolidation's principal business activities include the mining and marketing of coal in numerous states, including West Virginia and Indiana.

Consolidation's activities in West Virginia caused it to become subject to the West Virginia Business & Occupation Tax. The dispute culminating in the appeal to this court is whether Indiana Code 6–3–1–3.-5(b)(3) requires the add-back of the West Virginia B & O Tax to I.R.C. § 63 income to arrive at Indiana adjusted gross income.

Two issues are presented for this Court's review:

1. Does IC 6–3–1–3.5(b)(3), which requires the add-back of taxes "based on or measured by income" to I.R.C. § 63 income, require the add-back of the West Virginia Business & Occupation Tax?

2. Does the required add-back of the West Virginia Business & Occupation Tax to I.R.C. § 63 income violate the Commerce and Due Process Clauses of the United States Constitution?

## ISSUE ONE

■ A corporation, in arriving at its federal taxable income, may deduct state and local taxes pursuant to I.R.C. § 164. In calculating its Indiana adjusted gross income, a corporation begins with I.R.C. § 63 taxable income and then makes certain adjustments. IC 6–3–1–3.5(b). The adjustment in dispute is found at IC 6–3–1–3.-5(b)(3), and requires the add-back of all state and local taxes which were formerly deducted and were "based on or measured by income."

Consolidation contends that it need not add-back the West Virginia B & O Tax to its I.R.C. § 63 income because IC 6–3–1–3.-5(b)(3) does not require the add-back of a gross receipts tax. Consolidation further contends that the term "income", as used in the statute, should be defined narrowly and with reference to Treas. Reg. § 1.61–3(a). The Treasury regulation limits the definition of gross income with respect to mining companies to total sales less cost of goods sold. A gross receipts tax, such as the Indiana Gross Income Tax

or the West Virginia B & O Tax, does not allow a deduction for cost of goods sold.

The legislature has provided that particular provisions of the Internal Revenue Code mentioned in the Indiana Adjusted Gross Income Tax Act are incorporated by reference. IC 6–3–1–17(a). Rules or regulations promulgated by the Internal Revenue Service are regarded as promulgated by the Department unless and until the Department promulgates specific rules or regulations in lieu thereof. The Department has promulgated Regulation 45 I.A.C. 3.1–1–8 to interpret IC 6–3–1–3.5. This regulation treats the Indiana Gross Income Tax as a "state tax measured by income" that must be added back. Consolidation admits that the West Virginia B & O Tax and the Indiana Gross Income Tax are both ultimately imposed on gross receipts. Consolidation argues, however, that neither tax is "based on or measured by income."

Consolidation also argues that the Department had no authority to promulgate 45 I.A.C. 3–1–1–8 because the case cited to in the regulation, *Miles v. Department of Treasury* (1935), 209 Ind. 172, 199 N.E. 372, does not stand for the proposition for which it is cited. In *Miles,* the Indiana Supreme Court was asked to decide the constitutionality of the "Gross Income Tax Act of 1933." Appellants contended that the tax was a property tax and was constitutionally deficient under Article 10, § 1 of the Indiana Constitution. The State countered that the tax was an excise tax measured by gross income, and therefore not limited by Article 10, § 1. The court upheld the tax and stated:

> We conclude that the tax in question is an excise, levied upon those domiciled within the state, or who derived income from sources within the state, upon the basis of the privilege of domicile or the privilege of transacting business within the state, and that the burden *may reasonably be measured by the amount of income.*

199 N.E. at 379 (emphasis added).

The language quoted states that the Indiana Gross Income Tax is measured by income, hence the regulation is correct. It

logically follows that under Indiana law the B & O Tax is also measured by income. Accordingly, the B & O Tax should be added back.

### ISSUE TWO

A state may tax a corporation on that portion of its income attributable to its activities in the taxing state. *Container Corp. of America v. Franchise Tax Bd.* (1983), 463 U.S. 159, 103 S.Ct. 2933, 77 L.Ed.2d 545 *reh'g denied,* 464 U.S. 909, 104 S.Ct. 265, 78 L.Ed.2d 248. Normally, this requirement is met through the use of formulary apportionment whereby a particular taxpayer's income is multiplied by factors to arrive at the amount attributable to a particular state. Indiana utilizes three factor apportionment to arrive at the proper tax for corporations deriving income from both within and outside the State. IC 6–3–2–2.

Consolidation cites to both *Container* and *Exxon Corp. v. Wisconsin Dep't of Revenue* (1980), 447 U.S. 207, 100 S.Ct. 2109, 65 L.Ed.2d 66, in apparent support of its constitutional claim. Consolidation fails, however, to make a connection between the cases cited and the particular facts of this case. It has not shown by clear and cogent evidence that the Indiana tax scheme is unfair in a constitutional sense. *See Container,* 463 U.S. at 175, 103 S.Ct. at 2945. Consolidation has not met its burden of showing that IC 6–3–1–3.5, as interpreted, is violative of the United States Constitution.

The Department's motion for summary judgment is granted and Consolidation's motion for summary judgment is denied.

IT IS ORDERED, ADJUDGED AND DECREED that Consolidation shall take nothing by its complaint. Judgment entered for the Indiana Department of State Revenue.