**F.A. WILHELM CONSTRUCTION CO., INC., Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 49T10–9103–TA–00012.

Tax Court of Indiana.

Feb. 17, 1992.

Barton T. Sprunger, Mark J. Richards, Ice Miller Donadio & Ryan, Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

F.A. Wilhelm Construction Co, Inc. (Wilhelm) appeals the denial of its claim for refund of Indiana adjusted gross income tax and Indiana supplemental net income tax assessed by the Indiana Department of State Revenue (the Department) and paid together with interest in the amount of $97,957.73 for the calendar year 1987. This matter is before the court on the parties' cross motions for summary judgment.

### ISSUES

I. Whether the "built-in gains" recognized when a subchapter C corporation elects subchapter S corporation status for Federal tax purposes are exempt as a matter of law from adjusted gross income tax and supplemental net income tax pursuant to IND.CODE 6–3–2–2.8?

II. Whether the definition of "adjusted gross income" under IND.CODE 6–3–1–3.5(b) includes a subchapter S corporation's

"built-in gains," making "built-in gains" taxable under IND.CODE 6–3–2–1(b) and IND.CODE 6–3–8–1?

## FACTS

Wilhelm is a general contractor incorporated in Indiana, with its principal place of business located in Indianapolis. Wilhelm reports its Federal and Indiana income taxes on a calendar year basis. Prior to January 1, 1987, Wilhelm was a subchapter C corporation for Federal tax purposes. Wilhelm properly elected under I.R.C. § 1362 to be treated, beginning January 1, 1987, as a subchapter S corporation (I.R.C. § 1361), resulting in "built-in gains" that are subject to Federal tax levied in accordance with I.R.C. § 1374.[1] Wilhelm timely filed its 1987 Federal and Indiana tax returns on or before the due date, April 15, 1988, as prescribed in Regulation 45 I.A.C. 3.1–1–67. On its Federal S corporation income tax return, Form 1120S, Schedule D (Capital Gains and Losses and Built-in Gains), line 29, Wilhelm reported "built-in gains" and paid the Federal "built-in gains" tax as determined under I.R.C. § 1374. On its Indiana S corporation tax return, Form IT–20S, Wilhelm did not include its "built-in gains" in its "taxable income." Instead, Wilhelm reported qualification as a subchapter S corporation under I.R.C. § 1363 and compliance with withholding requirements on payments to non-resident shareholders under IND.CODE 6–3–4–13, as required by IC 6–3–2–2.8(2) to avoid the imposition of adjusted gross income tax.

## DISCUSSION AND DECISION

In the absence of a genuine issue of material fact, the court may grant summary judgment only if warranted as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C). Indiana's Adjusted Income Tax Act of 1963, IND.CODE 6–3–1 to 6–3–7, imposes a tax "on that part of the

adjusted gross income derived from sources within Indiana of every corporation." IC 6–3–2–1(b). For corporations the term "adjusted gross income" means "the same as 'taxable income' (as defined by Section 63 of the Internal Revenue Code)" with certain adjustments not relevant to this case. IC 6–3–1–3.5(b).

Indiana's Supplemental Corporate Net Income Tax Act, IND.CODE 6–3–8–1 to 6–3–8–6, imposes an additional tax on the net income of every corporation. IC 6–3–8–1. The term "net income" means "adjusted gross income derived from sources within the state of Indiana, as determined in accordance with the provisions of IC 6–3–2–2" with further adjustments not pertinent to this case. IND.CODE 6–3–8–2(b). The imposition of supplemental net income tax therefore is dependent upon determinations made in computing adjusted gross income tax. IND.CODE 6–3–8–5; *Indiana Dep't of State Revenue v. Endress & Hauser, Inc.* (1980), Ind.App., 404 N.E.2d 1173, 1175. Because a corporation without adjusted gross income will not have net income upon which to impose supplemental net income tax, *Endress & Hauser*, 404 N.E.2d at 1175, the court's discussion will focus on the provisions of the Indiana Adjusted Gross Income Tax Act of 1963 that were in effect for the year at issue.

### I.

Chapter 2 of the Indiana Adjusted Gross Income Tax Act of 1963 (the Act) not only imposes tax, but also specifies certain exemptions and deductions:

*Notwithstanding any provision of IC 6–3–1 through IC 6–3–7*, there shall be no tax on the adjusted gross income of the following:

. . . .

(2) Any corporation which is exempt from income tax under Section 1363 of the Internal Revenue Code [subchapter S

---

1. To end artificial encouragement of corporate liquidations and acquisitions, the Tax Reform Act of 1986 repealed the *General Utilities* rule. The *General Utilities* rule permitted assets to leave the corporate solution, recognizing gain at the shareholder level, thus avoiding the imposition of corporate level tax and allowing the

transferee a stepped-up basis. Imposition of federal tax on an S corporation with "built-in gains" is intended to prevent C corporations from avoiding corporate level tax using the provisions repealing the *General Utilities* rule to convert to S corporations.

corporations] and which complies with the requirements of IC 6-3-4-13 [withholding requirements on payments to non-resident shareholders].

IC 6-3-2-2.8 (emphasis added) (footnote omitted).

 "When the language of a statute is plain and unambiguous, the court has no power to construe the statute for the purpose of limiting or extending its operation." *C & C Oil v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 570 N.E.2d 1376, 1380 (citing *DeHart v. State* (1984), Ind.App., 471 N.E.2d 312, 314). If the meaning of a statute's language is reasonably susceptible to more than one construction, however, the court must construe the statute to determine the legislature's intent. *Evansville Concrete Supply Co., Inc. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 571 N.E.2d 1350, 1353 (citing *Johnson County Farm Bureau Coop. Ass'n v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 568 N.E.2d 578, 580). "In construing a statute, the court must consider the whole act and, if possible, effect must be given to every word and clause therein." *Guinn v. Light* (1990), Ind., 558 N.E.2d 821, 823 (citing *Doughty v. State Dep't of Pub. Welfare* (1954), 233 Ind. 213, 117 N.E.2d 651).

 The legislature enacted a provision of the Act expressly stating the relationship between the Act and the Internal Revenue Code (the Code):

Whenever the Internal Revenue Code is mentioned in this article, the particular provisions which are referred to, together with all the other provisions of the Internal Revenue Code, in effect on January 1, 1988, having any pertinency to the provisions specifically mentioned, shall be regarded as incorporated in this article by the reference and have the same force and effect as though fully set forth in this article. Insofar as pertinent to this article, regulations promulgated pursuant to Section 7805(a) of the Internal Revenue Code and in effect January 1, 1988, shall be regarded as rules adopted by the department under and in accord with the provisions of this article,

unless and until the department adopts specific rules in lieu thereof.

IND.CODE 6-3-1-17 (footnote omitted). Accordingly, the legislature intended the Act to be coordinated closely and interpreted harmoniously with the Internal Revenue Code (the Code). *Endress & Hauser,* 404 N.E.2d at 1175.

Specific reference to I.R.C. § 1363 in IC 6-3-2-2.8(2) therefore incorporates by reference all other Code provisions pertinent to the Federal tax treatment of subchapter S corporations. IC 6-3-1-17. Although subchapter S corporations are exempt from regular corporate income taxes under I.R.C. § 1363(a), they are subject to special Federal taxes on built-in gains, pursuant to I.R.C. § 1374, and excessive passive income, pursuant to I.R.C. § 1375. If the legislature's intent embodied in IC 6-3-1-17 limits the exemption under IC 6-3-2-2.8(2) to the same extent the Federal exemption under I.R.C. § 1363(a) is limited, IC 6-3-2-2.8(2) not only would prohibit imposing tax on regular subchapter S corporation adjusted gross income, but also would authorize taxing "built-in gains" like the Federal Code.

The parties' opposing contentions underscore the tension within the Act between IC 6-3-1-17, which may subject subchapter S corporations to Indiana adjusted gross income tax on "built-in gains," and IC 6-3-2-2.8, which may exempt subchapter S corporations completely from adjusted gross income tax. Wilhelm asserts the language of the exemption provided under IC 6-3-2-2.8 is unambiguously unconditional, concluding a corporation that meets the two requirements of IC 6-3-2-2.8(2), as Wilhelm undisputedly does, is entitled to an absolute exemption from adjusted gross income tax because the exemption applies *regardless of any other provision of the Act* that may be construed to limit the exemption. On the contrary, the Department asserts the exemption provided to subchapter S corporations under IC 6-3-2-2.8 applies only to regular adjusted gross income, not to "built-in gains" because IC 6-3-2-2.8(2) incorporates, by its reference to I.R.C. § 1363, all the Federal provisions

pertinent to the tax treatment of subchapter S corporations, including the special Federal "built-in gains" tax.

 The legislature's intent embodied in a statute constitutes the law, *Evansville Concrete* at 1353 (citing *Wedmore v. State* (1954), 233 Ind. 545, 551, 122 N.E.2d 1, 4), and is therefore dispositive of whether IC 6-3-2-2.8 provides an absolute exemption, as Wilhelm claims, or an exemption limited by IC 6-3-1-17, as the Department claims. "The best evidence of legislative intent is the statute itself...." *Indiana Dep't of State Revenue v. Indianapolis Pub. Transp. Corp.* (1990), Ind., 550 N.E.2d 1277, 1278-79 (quoting *Bailey v. Menzie* (1987), Ind.App., 505 N.E.2d 126, 128. "When the language of a statute is clear and unambiguous, ... 'the court may not expand or contract the meaning of a statute by reading into it language to correct supposed omissions or defects.'" *Caylor-Nickel Clinic v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 569 N.E.2d 765, 769 (quoting *Smiley v. State Dep't of Revenue* (1981), Ind.App., 416 N.E.2d 855, 856). The words "notwithstanding any provision of IC 6-3-1 through IC 6-3-7" in IC 6-3-2-2.8 are plainly words of exception, indicating the legislature intended to exempt subchapter S corporations absolutely from the imposition of any tax under the Act regardless of any contrary provision. If the legislature had intended subchapter S corporations to pay tax on "built-in gains," as the Department claims, it could have explicitly stated that IC 6-3-1-17 limits IC 6-3-2-2.8, or it could have used the limiting words "notwithstanding any provision of this act *other than IC 6-3-1-17*" in IC 6-3-2-2.8 rather than the comprehensive words "notwithstanding any provision" of the Act. Indeed, the plain meaning of the language in IC 6-3-2-2.8 supports a determination that the legislature did not intend subchapter S corporation "built-in gains" to be taxed.

## II.

 Indiana taxes the portion of a corporation's "adjusted gross income" derived from sources within Indiana. IC 6-3-2-1(b). A corporation's "adjusted gross income" is its "taxable income" defined by I.R.C. § 63 with certain adjustments not relevant in the case at bar. IC 6-3-1-3.5(b). A corporation therefore begins its computation of adjusted gross income by determining Federal "taxable income" as defined in I.R.C. § 63. *Endress & Hauser*, 404 N.E.2d at 1175.

I.R.C. § 63 states, "[e]xcept as provided in subsection (b), for purposes of this subtitle, the term "taxable income" means gross income minus the deductions allowed by this chapter (other than the standard deduction)." The Code further refines the definition of "taxable income" for subchapter S corporations in I.R.C. § 1363(b).

Wilhelm contends that even if the 1987 "built-in gains" at issue were not exempt under IC 6-3-2-2.8(2), they would not be subject to tax under IC 6-3-2-1(b) because "built-in gains" are not included in the definition of "taxable income" and therefore are not included in "adjusted gross income" as defined by the Act.

Nowhere in I.R.C. § 63 or I.R.C. § 1363(b) are "built-in gains" expressly included in "taxable income." Indeed, I.R.C. § 1374 separately defines "built-in gains" and imposes a special tax, distinct from the regular Chapter I income taxes, on a subchapter S corporation's "built-in gains," indicating that "taxable income" and "built-in gains" are two different concepts. "Taxable income" recognized by subchapter S corporations is exempt pursuant to I.R.C. § 1363(a) from regular Federal corporation income tax. In contrast, the "built-in gains" of a subchapter S corporation are subject to a special Federal corporate-level tax on "built-in gains" pursuant to I.R.C. § 1374 if the corporation was a regular subchapter C corporation before electing subchapter S corporation status. Consequently, the court finds "built-in gains" fall outside the definition of "taxable income" in I.R.C. § 63.

If "built-in gains" are not included in "taxable income", they are not included in "adjusted gross income." If "built-in gains" are not included in "adjusted gross

income," they are not subject to adjusted gross income tax or supplemental net income tax. The court therefore finds the legislature did not intend the Act to impose tax on subchapter S corporations pursuant to IC 6–3–2–1(b) and IC 6–3–8–1. The court therefore DENIES the Department's motion for summary judgment and GRANTS Wilhelm's motion for summary judgment.