**SUBARU–ISUZU AUTOMOTIVE, INC., Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 49T10–0010–TA–108.

Tax Court of Indiana.

Jan. 31, 2003.

Larry J. Stroble, Jennifer A. Dunfee, Barnes & Thornburg, Indianapolis, IN, Attorneys for Petitioner.

Steve Carter, Attorney General of Indiana, Joel Schiff, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Subaru–Isuzu Automotive, Inc. (Subaru) appeals two final determinations of the Indiana Department of State Revenue (Department) assessing it with approximately $1.5 million in Indiana adjusted gross income (AGI) tax and supplemental net income tax for 1997 and 1998. The issues are:

I. Whether Subaru must add back to its 1997–1998 Indiana adjusted gross income computation the property taxes that it had capitalized as inventory costs for federal tax purposes; and

II. Whether Indiana Code Section 6–3–2–2.6 requires Subaru to adjust its net operating loss by the amount of its adjusted gross income modifications each year it used its net operating loss.

For the reasons stated below, the Court REVERSES the Department's final determinations.

## FACTS AND PROCEDURAL HISTORY

Subaru is an Indiana corporation that manufactures motor vehicles. In 1999 and early 2000, the department completed two separate audits of Subaru covering the tax years 1994 through 1998. As a result of these audits, the Department determined that Subaru had incorrectly determined its Indiana AGI and supplemental net income tax liabilities for the 1997 and 1998 tax years. Specifically, the Department determined that when Subaru calculated its Indiana tax liabilities, it failed to add back the property taxes it had capitalized as inventory costs for federal tax purposes (the add-back issue). The Department also maintained that Subaru had erroneously calculated its net operating loss (NOL) deductions (the NOL issue).

Subaru timely filed two protests contesting the Department's proposed assessments. The Department subsequently denied both protests. Subaru now appeals to this Court. On January 14, 2002, the Court conducted one trial on both appeals. Oral argument was heard on November 1, 2002. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

 This Court hears an appeal from a final determination of the Department de novo. IND.CODE § 6–8.1–5–1(h); *Snyder v. Indiana Dep't of State Revenue*, 723 N.E.2d 487, 488 (Ind. Tax Ct.2000), *review denied*. The Court therefore is not bound by the evidence or the issues raised at the administrative level. *Snyder*, 723 N.E.2d at 488.

### Discussion

Both issues in this case ultimately turn on whether Subaru erroneously calculated its AGI. Consequently, the Court finds that it would be useful first to explain how AGI is computed.

To calculate Indiana AGI, a taxpayer must first determine its gross income, which, for Indiana tax purposes, means "gross income as defined by section 61(a)

of the Internal Revenue Code." IND.CODE § 6–3–1–8 (1998). I.R.C. § 61(a) generally provides that "gross income" is "*all* income from whatever source derived[.]" I.R.C. § 61(a) (emphasis added). However, Congress has determined that certain types of income, although within the purview of I.R.C. § 61, should not be included in a taxpayer's gross income. These items are "exclusions" from gross income, and are embodied at I.R.C. § 101 *et seq. See generally* I.R.C. § 101 *et seq.* Thus, once a taxpayer *identifies* all items that are exclusions from gross income, its remaining income equals its gross income. *See generally* I.R.C. § 61. The taxpayer then *subtracts* certain deductions from its gross income to arrive at its AGI, then takes certain other deductions from its AGI [1] to arrive at taxable income. *See generally* I.R.C. § 63.

■ Under federal law, an exclusion from gross income is legally distinguishable from a deduction. *See, e.g., Max Sobel Wholesale Liquors v. Comm'r of Internal Revenue,* 630 F.2d 670, 671 (9th Cir.1980); *Molsen v. Comm'r,* 85 T.C. 485, 502, 1985 WL 15394 (1985). An exclusion from gross income means that an item is not included in gross income at all; it is an item that "will forever escape the income tax." GWENDOLYN GRIFFITH, BASIC FEDERAL INCOME TAX 80 (1997). A deduction, on the

other hand, "shelters" income by ensuring that income in an amount equal to the deduction will not be taxed.[2] *Id.* at 116.

When Congress passed the Tax Reform Act of 1986, it enacted uniform capitalization (UNICAP) rules,[3] which provide in relevant part that all or a portion of an inventory's allocable share of indirect costs (including taxes) must be capitalized.[4] I.R.C. § 263A(a). Congress enacted the UNICAP rules, in part, out of concern that certain taxpayers were deducting inventory costs from their gross income as they were incurred but before their goods were sold. *See* GRIFFITH at 309–10. Thus, costs were being deducted before income actually was earned, which inaccurately reflected the taxpayer's income. *Id.* Accordingly, Congress intended that four categories of indirect costs be allocable to inventory: (1) off-site storage and warehousing costs (including rent or depreciation attributable to a warehouse, property taxes, insurance premiums, security costs, and other costs directly identifiable with the storage facility); (2) purchasing costs; (3) handling, processing, assembly, repackaging, and labor costs; and (4) general and administrative costs allocable to these functions. 1986 U.S.C.C.A.N. 4394.

■ The capitalization of property taxes as inventory costs is significant because U.S. Treasury Regulations define "gross

---

**1.** These deductions are not relevant to the issue here. *See generally* I.R.C. § 62.

**2.** Normally, exclusions are appropriate for items of income whereas deductions are appropriate for items of expenditure. GWENDOLYN GRIFFITH, BASIC FEDERAL INCOME TAX 116 (1997). Although in terms of taxation exclusions and deductions have the same effect, they arrive at these effects in distinctly different ways. *Id.*

**3.** In general, the UNICAP rules apply to all persons who (1) produce real or tangible personal property or (2) acquire real or personal property for resale if the average annual gross

receipts of the taxpayer exceed $10 million. I.R.C. § 263A(b).

**4.** To capitalize a cost simply means to convert the cost into capital. *See* BLACK'S LAW DICTIONARY 202 (7th ed. 1999). In this case, I.R.C. § 263A required Subaru to capitalize a portion of its property taxes, i.e., it required Subaru to treat its property taxes the same as it would treat any other indirect cost that could be allocated to its inventory. Thus, under I.R.C. § 263A, a portion of Subaru's property taxes was recharacterized as an inventory cost.

income" for manufacturing businesses as "total sales, less the cost of goods sold[.]" Treas. Reg. § 1.61–3(a). Furthermore, Federal case law states that subtracting the cost of goods sold from total sales constitutes an *exclusion* from gross income. *See, e.g., Max Sobel,* 630 F.2d at 671; *Molsen,* 85 T.C. at 502. Thus, under federal law, inventory costs are not *included* in gross income and so are not *included* in taxable income. *See* Treas. Reg. § 1.61–3(a); *Max Sobel,* 630 F.2d at 671; *Molsen,* 85 T.C. at 502.

## I. Add-back issue

■ This brings us to the first issue in this case, which is whether Subaru must add back its capitalized property taxes under Indiana Code Section 6–3–1–3.5(b)(3). When computing its taxable income for state purposes, a corporation's AGI is "the same as 'taxable income' (as defined in Section 63 of the Internal Revenue Code)[.]" IND.CODE § 6–3–1–3.5(b) (1998). Therefore, a corporation's Indiana AGI depends in part on "whether a particular item of income was *included* in [federal] taxable income pursuant to I.R.C. § 63." *Cooper Indus., Inc. v. Indiana Dep't of State Revenue,* 673 N.E.2d 1209, 1213 (Ind. Tax Ct.1996) (emphasis added). While a corporation may deduct state and local taxes from its federal gross income, *Consolidation Coal Co. v. Indiana Dep't of State Revenue,* 538 N.E.2d 309, 310 (Ind. Tax Ct.1989), *aff'd,* 583 N.E.2d 1199 (Ind. 1991), Indiana law mandates that the corporation must add back to its AGI "an amount equal to any *deduction or deductions* allowed or allowable pursuant to Section 63 of the Internal Revenue Code ... for taxes on property levied by any subdivision of any state of the United States."[5]

IND.CODE § 6–3–1–3.5(b)(3) (1998) (emphasis added).

■ Subaru argues that because federal law provides that inventory costs are *exclusions* from gross income, any property taxes capitalized as inventory costs are *also* exclusions from gross income. Accordingly, Subaru contends that its capitalized property taxes are *not* deductions from gross income and therefore are not subject to the federal deduction add-back provision of Indiana Code Section 6–3–1–3.5(b)(3). While the Department does not deny that a portion of Subaru's property taxes had to be capitalized as inventory costs for federal tax purposes, it argues that because exclusions and deductions have the same effect (i.e., they reduce tax liability), the word "deduction" in Indiana Code Section 6–3–1–3.5(b)(3) encompasses both exclusions *and* deductions taken for federal tax purposes. The Department is incorrect.

■ Article 3 of Indiana's tax code incorporates by reference provisions of the Internal Revenue Code, therefore, federal law interpreting those provisions is persuasive in ascertaining the meaning of Indiana's law. *See F.A. Wilhelm Constr. Co. v. Indiana Dep't of State Revenue,* 586 N.E.2d 953, 955 (Ind. Tax Ct.1992) (holding that the legislature intended Indiana's Adjusted Gross Income Tax Act to be interpreted in harmony with the Internal Revenue Code); *Consolidation Coal,* 538 N.E.2d at 311. Federal law clearly draws a legal distinction between an exclusion from gross income and a deduction from gross income. *See Max Sobel,* 630 F.2d at 671; *Molsen,* 85 T.C. at 502. Accordingly, the Court holds that a deduction under Indiana Code Section 6–3–1–3.5(b)(3)

5. As a result of an amendment effective January 1, 1999, Indiana taxpayers are no longer required to add back property taxes in computing Indiana AGI. *See* Pub.L. No. 273–1999 § 51 (cited in IND.CODE ANN. § 6–3–1–3.5 (West 2000)).

means the same as a deduction under federal law—no more, no less. *See Wilhelm Constr.*, 586 N.E.2d at 955; *see also Indiana Dep't of State Revenue v. Endress & Hauser, Inc.*, 404 N.E.2d 1173, 1178 (Ind.Ct.App.1980) (holding that a court should not extend the meaning of a statute beyond the language of the statute). Because federal law treats Subaru's capitalized property taxes as exclusions, not deductions, then those taxes are not subject to the federal deduction add-back provision of Indiana Code Section 6–3–1–3.5(b)(3).[6] Consequently, the Court REVERSES the Department's final determination on this issue. The Court REMANDS this issue to the Department for further proceedings consistent with this opinion.

## II. The NOL issue

██ The next issue is whether Indiana Code Section 6–3–2–2.6 requires Subaru to adjust its NOL by the amount of its AGI modifications (i.e., those property taxes that Subaru *was* required to add back under Indiana Code Section 6–3–1–

3.5(b)(3)) for each year it used its NOL. Subaru argues that Indiana Code Section 6–3–2–2.6(b) unambiguously requires it to adjust its NOL by its AGI modifications *only* for those years in which it actually *incurred* an NOL.[7] The Department, on the other hand, contends that Subaru must adjust its NOL by its AGI modifications every year it *uses* its NOL.[8] The Department is incorrect.

For federal income tax purposes, an NOL is defined as "the excess of business deductions (computed with certain modifications) over gross income in a particular tax year." RIA, FEDERAL TAX HANDBOOK 316 (2003). *See also* I.R.C. § 172(c). An NOL deduction is allowed to corporations,[9] and "[a]n NOL sustained in one year may be used to reduce the taxable income for another year." FEDERAL TAX HANDBOOK at 316. "It may be carried back to earlier years and yield tax refunds." *Id.* "If not exhausted in earlier years (or if the taxpayer elects not to use the carryback)[,] it may be carried forward to later years and reduce the tax for those years." *Id.* NOLs

---

**6.** The Department argues that I.R.C. § 263A is unfair because it does not apply to taxpayers with average annual gross receipts of $10 million or less. That provision of I.R.C. § 263A, however, applies to persons who acquire real or personal property for resale, which is not the issue in this case. I.R.C. § 263A(b)(2). Thus, the Court will not address the Department's argument.

**7.** Thus, Subaru argues that because its NOLs were incurred in taxable years 1988–1992, only those AGI modifications required for 1988–1992 apply to its NOL.

**8.** The Department relied on Indiana Administrative Code title 45 rule 3.1–1–9 in its final determination on Subaru's NOL. However, this rule was promulgated in 1979 in connection with the issue of how a taxpayer should apportion NOLs suffered outside of Indiana. *See generally* IND. ADMIN. CODE tit. 45, r. 3.1–1–9; *Indiana Dep't of State Revenue v. Endress & Hauser, Inc.*, 404 N.E.2d 1173 (Ind.Ct.App.

1980). In 1983, the Legislature enacted a two-sentence provision that dealt with the apportionment issue. *See* 1983 Ind. Acts 82 § 1 (codified at IND.CODE § 6–3–1–3.5(b)(4)). In 1987, the Legislature repealed this provision. *See* 1987 Ind. Acts 91 § 2. In its place, the Legislature enacted a lengthy, complex, four-step procedure for calculating NOL. *See id.* at § 4 (codified at IND.CODE § 6–3–2–2.6). The Department, however, never updated its rule to reflect the aforementioned legislative changes codified in the newly enacted Indiana Code Section 6–3–2–2.6. (Trial Tr. at 45–49.) An administrative rule is a nullity where the provision upon which the rule is based has been repealed. *Hutchison v. Indiana State Bd. of Tax Comm'rs*, 520 N.E.2d 1281, 1283 (Ind. Tax Ct.1988). Accordingly, the Department's reliance upon Indiana Administrative Code title 45 rule 3.1–1–9 to calculate Subaru's NOL under Indiana Code Section 6–3–2–2.6(b) is misplaced.

**9.** *See generally* I.R.C. § 172.

for tax years beginning before August 6, 1997, could be carried back three years and forward fifteen years. *Id.*

When calculating NOL for Indiana tax purposes, Indiana Code Section 6–3–2–2.6(b) provides that an NOL is calculated, in part, by applying "those [AGI] modifications required under IC 6–3–1–3.5[10] for the same taxable year during which each net operating loss was *incurred.*"[11] IND.CODE § 6–3–2–2.6(b) (1998) (emphasis and footnote added). The Department contends that the first step for calculating NOL under Indiana Code Section 6–3–2–2.6(a) requires a different outcome. That step provides: "Determine, in the manner prescribed in section 2 of this chapter, the taxpayer's adjusted gross income, for the taxable year, *derived from sources within Indiana*[.]" IND.CODE § 6–3–2–2.6(a) (emphasis added). The Department's argument can be summarized as follows: Indiana Code Section 6–3–2–2.6(a) requires Subaru to pay as much tax as possible on its income "derived from sources within Indiana," thus, Subaru must adjust its NOL by its Indiana AGI modifications each year it *uses* its NOL. (*See* Oral Argument Tr. at 38–44.)

██ The Legislature has provided no statutory basis for the Department's position; this Court applies the tax laws as the Legislature writes them. *See Endress & Hauser,* 404 N.E.2d at 1178. It is a fundamental rule of statutory construction that "a statute which is clear and unambiguous on its face needs no interpretation," *Endress & Hauser,* 404 N.E.2d at 1175, and

in this case, the clear and unambiguous meaning of Indiana Code Section 6–3–2–2.6(b) instructs corporations to apply the AGI modifications required under Indiana Code Section 6–3–1–3.5 for the year in which each NOL was *incurred,* not the year each NOL was used. *See* I.C. 6–3–2–2.6(b). For these reasons, the Court REVERSES the Department's final determination.

## CONCLUSION

For the aforementioned reasons, the Court REVERSES the Department's final determinations and REMANDS this case to the Department for further proceedings consistent with this opinion and pursuant to the parties' stipulations.[12]

---

**10.** Indiana Code Section 6–3–1–3.5 provides the method for calculating AGI. *See* IND.CODE § 6–3–1–3.5.

**11.** Again, the relevant modifications here are the federal income tax deductions Subaru took for the payment of its state property taxes, which, prior to 1999, had to be added back to a taxpayer's Indiana AGI under

Indiana Code Section 6–3–1–3.5(b)(3). *See* I.C. 6–3–1–3.5(b)(3) (1998).

**12.** The parties have stipulated to the amount due depending on the outcome of this case. (Stipulation at 6.)