876 N.E.2d 391 (2007)
Mel GOLDSTEIN, Bill Harter, Mmoja Ajabu, Wes Miller, Carole Kelly Havens, Mark Sponhower, Jeffrey K. Baldwin, David R. Bush, John C. Skaggs, John K. Snyder, Michael E. Bailey, Phillip Cyprian, Kent Millard, Jim and Sue Fields, Taxpayers and residents of the State of Indiana, on behalf of themselves and all others similarly situated; Stop Taxing Our Property, Inc., Marshall County Tax Awareness Committee, Inc., Interested Citizens Of Floyd and Clark Counties, Team Hammond Taxpayers Group, Fulton County Tax Awareness Committee, Inc., Citizens for Common Sense, Inc. of St. Joseph County, Hoosier Taxpayers Association, Citizens of Delaware County for Property Tax Repeal, Inc., Vanderburgh County Taxpayers Association, and Citizens United For Tax Relief of Howard County, Petitioners,
v.
INDIANA DEPARTMENT OF LOCAL GOVERNMENT FINANCE; Indiana Department of State Revenue; State of Indiana; Governor Mitchell E. Daniels, Jr.; Consolidated City of Indianapolis-Marion County, Indiana; Mayor of Indianapolis Bart Peterson; and the Indianapolis-Marion County City-County Council, Respondents.
No. 49T10-0709-TA-45.
Tax Court of Indiana.
November 9, 2007.
*392 John R. Price, Price Owen Law, Indianapolis, IN, Attorney for Petitioners.
Steve Carter, Attorney General of Indiana, Andrew W. Swain, Chief Counsel, Tax Section, John D. Snethen, Jessica E. Reagan, Deputy Attorneys General, Jon B. Laramore, Anthony Scott Chinn, Elizabeth A. Herriman, Baker & Daniels LLP, Alison M. Chestovich, James B. Osborn, Office of Corporation Counsel, Fred R. Biesecker, Ice Miller LLP, Indianapolis, IN, Attorneys for Respondents.

ORDER ON RESPONDENTS' MOTIONS TO DISMISS
FISHER, J.
On September 6, 2007, the Petitioners, Mel Goldstein et al., filed a verified petition for judicial review (Petition) with this Court. The Petition challenges:
1) the legality of the vote, taken by the Indianapolis-Marion County City-County Council, which raised Marion County's income tax from 1% to 1.65%, effective October 1, 2007;
2) the constitutionality of the directive, issued by Indiana Governor Mitchell E. Daniels, Jr. (and upon which the Department of Local Government Finance (DLGF) acted), which extended the statutorily prescribed deadline for Indiana counties to adopt local option income taxes;
3) the constitutionality of the multiple tax district system utilized within Indiana's counties;
4) the constitutionality of taxing Indiana residences for the purpose of raising monies for the Common School Fund; and
5) the constitutionality of numerous property assessment and taxation practices in Indiana.[1]
The Petition also seeks an emergency order, pending the resolution of these claims, enjoining: 1) Indianapolis Mayor Bart Peterson and the Indianapolis-Marion County City-County Council from imposing the local income tax rate of 1.65%, and 2) the DLGF from informing Indiana's counties that they can adopt local option income taxes after the statutory deadline has passed.
On October 3, 2007, the State Respondents (i.e., the Indiana Department of Local Government Finance, the Indiana Department of State Revenue, the State of Indiana, and the Governor of Indiana, *393 Mitchell E. Daniels, Jr.) and the City-County Respondents (i.e., the Consolidated City of Indianapolis-Marion County, Indiana, Indianapolis Mayor Bart Peterson, and the Indianapolis-Marion County City-County Council) each filed motions to dismiss the Petitioners' case for lack of subject matter jurisdiction pursuant to Indiana Trial Rule 12(B)(1). Both motions assert that this Court lacks subject matter jurisdiction to decide the case because the Petitioners failed to first exhaust their administrative remedies.[2],[3]
This Court conducted a hearing on the Respondents' motions to dismiss on October 31, 2007. For the reasons stated below, the Respondents' motions to dismiss are now GRANTED.

DISCUSSION & ANALYSIS
Subject matter jurisdiction is the power of a court to hear and determine a particular class of cases. K.S. v. State, 849 N.E.2d 538, 540 (Ind.2006). Subject matter jurisdiction is not conferred upon a court by consent or agreement of the parties to litigation; rather, it can only be conferred upon a court by the Indiana Constitution or by statute. State v. Sproles, 672 N.E.2d 1353, 1356 (Ind.1996). If a court does not have subject matter jurisdiction, any judgment that it renders is void. State Bd. of Tax Comm'rs v. Ispat Inland, 784 N.E.2d 477, 481 (Ind.2003) (citation omitted).
Indiana Code § 33-26-3-1 confers "exclusive jurisdiction" upon this Court "over any case that arises under the tax laws of Indiana and that is an initial appeal of a final determination made by" either the Indiana Department of State Revenue (DOR) or the Indiana Board of Tax Review (IBTR). IND.CODE ANN. § 33-26-3-1 (West 2007). Thus, in order for the Tax Court to possess subject matter jurisdiction over a case, two requirements must first be met: 1) the case must arise under Indiana's tax laws, and 2) the case appeals a final determination of either the DOR or the IBTR.[4]
The first of these requirements, the "arising under Indiana's tax law" requirement, has been broadly construed by our supreme court. See Ispat Inland, 784 N.E.2d at 481; Sproles, 672 N.E.2d at 1357 (stating that a case "`arises under' the tax laws if: 1) an Indiana tax statute creates the right of action; or 2) the case principally involves collection of a tax or defenses to that collection"). The supreme court's construction of the second requirement, however, is not as broad. Indeed, the "final determination" requirement amounts to the principle, basic to all administrative law, that a party seeking judicial relief from an agency action must first establish that all administrative remedies have been exhausted. See Ispat Inland, 784 N.E.2d at 482. Consequently, "[f]ailure to exhaust administrative remedies is a defect in subject matter jurisdiction" and, *394 accordingly, a court will be "completely ousted" from hearing the case at all. State ex rel. Att'y Gen. v. Lake Super. Ct., 820 N.E.2d 1240, 1247 (Ind.2005), cert. denied; Ispat Inland, 784 N.E.2d at 482. Thus, the lack of a final determination from either the DOR or the IBTR, which is equivalent to the failure to exhaust administrative remedies, will act to deprive the Tax Court of subject matter jurisdiction in a case.
The Petitioners have conceded that their lawsuit does not implicate a final determination from either the DOR or the IBTR. Indeed, not one of the named Petitioners has received a final determination from either the DOR or the IBTR.[5] Nonetheless, the Petitioners claim they are entitled to judicial review without satisfying the "final determination" requirement for several reasons.
First, the Petitioners claim they should be excused from exhausting their administrative remedies because those remedies are either inadequate or futile. More specifically, the Petitioners complain that neither the DOR nor the IBTR are empowered to rule on the "global" constitutional challenges that they have raised. (See Petrs' Resp. to [City-County] Respts' Mot. to Dismiss at 10-12; Petrs' Resp. to the State Respts' Mot. to Dismiss at 15-16.) See also Prosser v. J.M. Corp., 629 N.E.2d 904, 907 (Ind.Ct.App.1994) (stating generally that the exhaustion of administrative remedies may not be required "if administrative procedures are incapable of answering the question presented by the party's claims, as when the question is beyond pale of the agency's competency, expertise, and authority").
Admittedly, our supreme court has acknowledged that construing Indiana's Constitution "is not the job, nor an area of expertise" of Indiana's administrative tax agencies. See, e.g., Sproles, 672 N.E.2d at 1360. Nevertheless, the high court has explained that despite that fact, taxpayers, including those raising pure constitutional claims, must first pursue the administrative procedures as established by the Legislature:
it is not irrational to require plaintiffs who wish to present such a claim to proceed through the administrative apparatus the legislature has set up to deal with tax disputes, even if the ultimate constitutional issue may be resolved only at the Tax Court stage. That requirement assures that an adequate record is developed and that nonconstitutional issues that may moot the constitutional challenge will be considered.
State Bd. of Tax Comm'rs v. Montgomery, 730 N.E.2d 680, 686 (Ind.2000). The high court further explained that "[if] the legislature wishes to confer original jurisdiction on the Tax Court to entertain claims of unconstitutional taxation, it is of course free to do so[,]" but unless and until that happens, "[t]he current statutory framework limits access to the Tax Court t[hrough] specified procedural channels." Id. See also Sproles, 672 N.E.2d at 1360-62. Thus, pursuant to the clear directive of the Legislature and the supreme court, the Petitioners' contention that they are excused from the "final determination" requirement because the DOR and IBTR cannot decide constitutional issues must fail.
Next, the Petitioners' argue they should be excused from exhausting their administrative remedies because the issues they *395 have raised in their Petition are of such "unparalleled public interest," they warrant an immediate ruling on the merits by this Court. (See Mot. to Dismiss Hr'g Tr. at 56.) As authority for this proposition, the Petitioners cite to the supreme court's opinion in State ex rel. Attorney General v. Lake Superior Court, 820 N.E.2d 1240 (Ind.2005). In that case, the supreme court determined, on petition for writ of mandamus and prohibition, that the Lake County Superior Court had no jurisdiction to entertain the claims of taxpayers challenging the constitutionality of several statutes relating to assessment of property in Lake County, Indiana. Lake Super. Ct., 820 N.E.2d at 1243-44. After stating that holding, however, the supreme court went on to say:
We recognize that ordinarily lack of jurisdiction of the trial court would preclude deciding any other issues. However, this case presents a challenge to the entire assessment process in Indiana's second most populous county. For the reasons explained below, we think it is clear that the plaintiffs will ultimately fail in their effort to enjoin the tax bills produced by the 2002 countywide reassessment. It is not in anyone's interest to preserve false hopes by resolving this appeal on jurisdictional grounds alone. In short, there is broad public interest in a prompt resolution of this case, and the parties ask us to address the merits of the plaintiffs' claims without regard to jurisdiction. For these reasons we do so without delaying a final resolution of this matter.
Id. at 1244. The Petitioners claim that this Court should therefore take the supreme court's lead and rule on issues that are in the public's interest. (See Mot. to Dismiss Hr'g Tr. at 55-56.) The Court declines the Petitioners' invitation.
This Court is acutely aware of the public's discontent with the purported inadequacies of Indiana's property assessment and taxation system. What the Petitioners are asking the Court to do, however, is to create and confer upon itself subject matter jurisdiction where subject matter jurisdiction does not exist. This the Court cannot do. See Sproles, 672 N.E.2d at 1356 (subject matter jurisdiction can only be conferred upon a court by the Indiana Constitution or by statute). See also Ispat Inland, 784 N.E.2d at 481 (any judgment rendered by a court without subject matter jurisdiction is void ab initio). As a result, any opinion from this Court examining the Petitioners' constitutional claims at this point in time would be purely advisory in nature. Unlike the supreme court, this Court cannot issue advisory opinions. See Miller Beach Invs., L.L.C. v. Dep't of Local Gov't Fin., 848 N.E.2d 1190, 1196 n. 8 (Ind. Tax Ct.2006) (citations omitted).
Finally, the Petitioners argue that this Court "might" have jurisdiction over their claims, despite their failure to exhaust administrative remedies, by virtue of Indiana Code § 36-4-4-5. That statute provides in relevant part:
If uncertainty exists or a dispute arises concerning the executive or legislative nature of a power or duty exercised or proposed to be exercised by a branch, officer, department, or agency of the government of a municipality, a petition may be filed in the circuit court of the county in which the municipality is located by the municipal executive, another municipal elected official, the president of the municipal legislative body, or any person who alleges and establishes to the satisfaction of the court that he is or would be adversely affected by the exercise of the power; however, in a county having a superior court that has three (3) or more judges, the petition shall be filed in the superior court and shall be *396 heard and determined by the court sitting en banc.
* * * * *
The petition must set forth the action taken or the power proposed to be exercised, and all facts and circumstances relevant to a determination of the nature of the power, and must request that the court hear the matter and determine which branch, officer, department, or agency of the municipality, if any, is authorized to exercise the power.
* * * * *
The court shall determine the matters set forth in the petition and shall affix the responsibility for the exercise of the power or the performance of the duty, unless it determines that the power or duty does not exist.
IND.CODE ANN. § 36-4-4-5(a), (c), (d) (West 2007). The Petitioners simply state that they "can and do argue uncertainty exists or a dispute has arisen granting this Court jurisdiction pursuant to [Indiana Code] § 36-4-4-5." (See Petrs' Resp. to the State Respts' Mot. to Dismiss at 18; Petrs' Resp. to [City-County] Respts' Mot. to Dismiss at 16 (referring to their allegations that 1) the vote of the Indianapolis-Marion County City-County Council raising Marion County's income tax was illegal and 2) the Governor acted improperly when he issued a directive extending the statutorily prescribed deadline for Indiana counties to adopt local option income taxes).)
Indiana Code § 36-4-4-5 appears to relate to a court of general jurisdiction's authority to assign responsibility for an act to the appropriate executive or legislative body. See A.I.C. § 36-4-4-5. This Court is not a court of general jurisdiction and the issues in this case do not involve a dispute as to whether the executive or legislative branch of government should have exercised a power. Consequently, the Petitioners' contention that this Court has jurisdiction over their case pursuant to Indiana Code § 36-4-4-5 also fails.

CONCLUSION
For the aforementioned reasons, this Court does not have subject matter jurisdiction over the Petitioners' case. As a result, the case is now DISMISSED.[6],[7] SO ORDERED this 9th day of November, 2007.
NOTES
[1] Additionally, the Petitioners' Petition seeks certification to bring these challenges as a class action on behalf of all persons who own residential real estate in Indiana.
[2] In other words, the Respondents explain that Indiana's General Assembly has created certain statutory procedures for taxpayers to challenge their various tax assessments with the appropriate administrative agencies and that those procedures must be utilized before an appeal may be taken to the Indiana Tax Court.
[3] Both motions also assert, in the alternative, that the Petitioners' case must be dismissed pursuant to Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted. Given the Court's ruling today, however, this alternative ground for dismissal need not be addressed.
[4] Indeed, "[i]f a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal." IND. CODE ANN. § 33-26-6-2 (West 2007).
[5] In fact, as of October 31, 2007, Messrs. Goldstein and Ajabu are the only two Petitioners that have even initiated the administrative appeals process. (See Mot. to Dismiss Hr'g Tr. at 37.)
[6] Petitioners have asked this Court to at least grant them an order enjoining the collection of the higher Marion County income tax rate pending consummation of the administrative process. (See Mot. to Dismiss Hr'g Tr. at 45-46.) The Indiana Tax Court has the authority to enjoin the collection of a tax "pending an original tax appeal." IND.CODE ANN. § 33-26-6-2(b) (West 2007). This authority, however, presupposes an appeal over which this Court has subject matter jurisdiction.
[7] On a final note, the Petitioners are reminded that today's order does not necessarily preclude them from having their voices heard in this Court. Indeed, once the Petitioners have exhausted their administrative remedies and properly placed a case before it, the Court can then entertain their appeal.