ATTORNEYS FOR PETITIONER:
**STEPHEN H. PAUL**
**BRENT A. AUBERRY**
**DANIEL R. ROY**
FAEGRE BAKER & DANIELS LLP
Indianapolis, IN

ATTORNEY FOR RESPONDENT:
**CHRISTOPHER L. WILLOUGHBY**
BRAJE, NELSON & JANES, LLP
Michigan City, IN

ATTORNEYS FOR INTERVENOR:
**MICHAEL S. BERGERSON**
MICHAEL S. BERGERSON LAW OFFICE
Michigan City, IN

**SHAW R. FRIEDMAN**
FRIEDMAN & ASSOCIATES, PC
LaPorte, IN

**MARILYN S. MEIGHEN**
ATTORNEY AT LAW
Carmel, IN

_____

# IN THE
# INDIANA TAX COURT

_____

**FILED**
Mar 16 2015, 2:02 pm

**CLERK**
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| BLUE CHIP CASINO, LLC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| LAPORTE COUNTY TREASURER, | ) |
| | ) Cause No.    49T10-1008-TA-37 |
| Respondent, | ) |
| | ) |
| and | ) |
| | ) |
| LaPorte County Convention & Visitors Bureau, | ) |
| | ) |
| Intervenor. | ) |

_____

### ORDER ON PARTIES'
### CROSS-MOTIONS FOR SUMMARY JUDGMENT

_____

**FOR PUBLICATION**
**March 16, 2015**

WENTWORTH, J.

Blue Chip Casino, LLC has appealed the LaPorte County Treasurer's failure to respond to its request for a refund of innkeeper's tax that it paid to the Treasurer between January 2007 and August 2009 (the period at issue).[1] The parties are before the Court on cross-motions for summary judgment, but lacking subject matter jurisdiction, the Court cannot decide the merits of the case.

## FACTS AND PROCEDURAL HISTORY

Blue Chip owns and operates a riverboat casino and hotel in LaPorte County, Indiana. During the period at issue, Blue Chip remitted over $300,000 in innkeeper's tax to the Treasurer for the complimentary hotel rooms it provided to various members and non-members of its Players Club program. (See Pet'r Pet. ¶ 5; Pet'r Mem. Supp. Mot. Summ. J. ("Pet'r Br.") at 3, 5, 7-14.) Thereafter, Blue Chip determined that it remitted the innkeeper's tax in error.

On December 29, 2008, Blue Chip filed a Form GA-110L with the Indiana Department of State Revenue seeking, among other things, a refund of the innkeeper's tax it remitted between January 2007 and May 2008. (See Pet'r Pet. ¶ 6; Pet'r Des'g Evid. Supp. Mot. Summ. J. ("Pet'r Des'g Evid."), Ex. A at Ex. 2 at 4-12.) On July 20, 2009, the Department issued a Memorandum of Decision denying Blue Chip's refund claim, stating that because the tax was neither "reported [n]or remitted to the [Department, Blue Chip] must claim the refund directly from the county." (Pet'r Des'g Evid., Ex. A at Ex. 2 at 1-3.)

On September 9, 2009, Blue Chip sent the LaPorte County Auditor a three-page

---

[1] The parties' briefs and designated evidence contain confidential information. Accordingly, this order will provide only that information necessary for the reader to understand the Court's disposition of the issues presented. See generally Ind. Administrative Rule 9.

letter requesting a refund of the innkeeper's tax it remitted between January 2007 and July 2009.  (See Pet'r Des'g Evid., Ex. A at Ex. 3.)  On February 2, 2010, Blue Chip sent the Treasurer a letter stating:

> Because LaPorte County has adopted Ordinance No. 92-1, under Ind. Code § 6-9-29-3 your office is granted "the same rights and powers with respect to collecting the county innkeeper's tax as the department of state revenue."  Responsibility for collecting the Innkeeper's Tax includes administering refunds of erroneously collected tax, as is the responsibility of the Indiana Department of Revenue under Ind. Code § 6-8.1-9 with respect to Innkeeper's Tax that it collects on behalf of and distributes to various counties across the state.  Therefore, Blue Chip has decided to submit this refund claim to you, as the designated local official responsible for collecting and administering the Innkeeper's Tax.

(See Pet'r Des'g Evid., Ex. A at Ex. 4 at 1, 3.)  On April 21, 2010, Blue Chip sent the Treasurer a second letter to amend its refund claim to include the August 2009 period. (See Pet'r Des'g Evid., Ex. A at Ex. 5.)  The Treasurer, however, never acted on either of these refund claims.  (See Pet'r Pet. ¶ 1(f)-(h); Resp't Answer ¶¶ 2, 4.)

On August 4, 2010, Blue Chip appealed to this Court.  The LaPorte County Convention & Visitors Bureau moved to intervene on August 23, 2010, and the Court subsequently granted its motion.  On December 5, 2011, Blue Chip and the Visitors Bureau filed cross-motions for summary judgment.  The Court held a hearing on May 4, 2012.  Additional facts will be supplied as necessary.

## STANDARD OF REVIEW & LAW

Summary judgment is proper when the designated evidence demonstrates that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  Ind. Trial Rule 56(C).  "Cross-motions for summary judgment do not alter this standard."  Horseshoe Hammond, LLC v. Indiana Dep't of State Revenue, 865

3

N.E.2d 725, 727 (Ind. Tax Ct. 2007) (citation omitted), review denied. In the event that a court lacks subject matter jurisdiction, however, it cannot enter judgment. Perry v. Stitzer Buick GMC, Inc., 637 N.E.2d 1282, 1286 (Ind. 1994) (stating that "[a]s a decision on the merits, summary judgment may not be rendered by a court which itself lacks subject matter jurisdiction") (citation omitted).

Subject matter jurisdiction, the power of a court to hear and determine a particular class of cases, can only be conferred upon a court by the Indiana Constitution or by statute. See K.S. v. State, 849 N.E.2d 538, 540 (Ind. 2006); State v. Sproles, 672 N.E.2d 1353, 1356 (Ind. 1996). The Tax Court's enabling legislation confers exclusive jurisdiction over cases that 1) arise under Indiana's tax laws, and 2) are initial appeals of final determinations of the Department regarding listed taxes as defined in Indiana § 6-8.1-1-1. IND. CODE § 33-26-3-1(1) (2015). In addition, the Tax Court has any other jurisdiction specifically assigned by statute. See IND. CODE §§ 33-26-3-2(1); -3(2) (2015).

**ANALYSIS**

Blue Chip's appeal is not taken from a final determination of the Department. Instead, Blue Chip appeals from the failure of the Treasurer to act upon its request for a refund. Nonetheless, Blue Chip contends that the Court has subject matter jurisdiction over this case based on Ordinance No. 92-1, which placed the Treasurer in the shoes of the Department for purposes of collecting the LaPorte County's innkeeper's tax. (See Pet'r Br. at 15-16.)

Ordinance No. 92-1, adopted by the LaPorte County Council on March 23, 1992, provides in part:

4

> The Treasurer of LaPorte County is hereby authorized, instructed, and empowered to prepare the necessary documents, establish the necessary and appropriate procedures, and do any and all other things necessary to establish procedures for local <u>collection</u> of the LaPorte County Innkeepers' Tax, all as provided by I.C. § 6-9-6-6[.]

(Pet'r Des'g Evid., Ex. D at 2 (emphasis added).)  Moreover, Indiana Code § 6-9-6-6(b), the statute governing the LaPorte County Council's adoption of Ordinance No. 92-1, states:

> The county fiscal body may adopt an ordinance to require that the tax be reported on forms approved by the county treasurer and that the tax shall be paid monthly to the county treasurer.  If such an ordinance is adopted, the tax shall be paid to the county treasurer not more than twenty (20) days after the end of the month the tax is collected.  If such an ordinance is not adopted, the tax shall be imposed, paid, and collected in exactly the same manner as the state gross retail tax [(<u>i.e.</u>, sales tax)] is imposed, paid, and collected pursuant to IC 6-2.5.

IND. CODE § 6-9-6-6(b) (2007).

By the plain terms of both Indiana Code § 6-9-6-6(b) and Ordinance No. 92-1, the Treasurer acquired powers related solely to the <u>collection</u> of the innkeeper's tax that did not expressly authorize a process for refunding taxes that may have been erroneously overpaid.  See <u>SAC Fin., Inc. v. Indiana Dep't of State Revenue</u>, 24 N.E.3d 541, 547 (Ind. Tax Ct. 2014); <u>Gary Cmty. Sch. Corp. v. Indiana Dep't of Local Gov't Fin.</u>, 15 N.E.3d 1141, 1145 (Ind. Tax Ct. 2014) (both explaining that because statutory language is deemed intentionally chosen by the Legislature, the Court will not alter a statute's meaning by reading in language to correct supposed omissions); <u>F.A. Wilhelm Const. Co. v. Indiana Dep't of State Revenue</u>, 586 N.E.2d 953, 955 (Ind. Tax Ct. 1992) (stating that the Court has no power to construe unambiguous statutes for the purpose of limiting or extending their operation).  The language of Indiana Code § 6-9-29-3 lends

5

further support to this position, as it states that: "[i]f an ordinance has been adopted requiring the payment of the innkeeper's tax to the county treasurer instead of the [Department], the county treasurer has the same rights and powers with respect to collecting the county innkeeper's tax as the [Department]." IND. CODE § 6-9-29-3 (2007) (emphasis added). Consequently, Indiana Code § 6-9-6-6(b), Indiana Code § 6-9-29-3, and the LaPorte County Ordinance itself all affirmatively indicate that Ordinance No. 92-1 gave the Treasurer the right to collect the innkeeper's tax, but by omission, not the right to determine refunds.

Nevertheless, Blue Chip maintains that the Treasurer does have the right to determine refund claims because the duty to collect the innkeeper's tax necessarily includes the duty to refund the tax. (See Hr'g Tr. at 23-24.) Blue Chip argues that to find otherwise creates an absurdity in that the Treasurer "ha[s] the authority to take Blue Chip's money but then lack[s] the authority to give it back when Blue Chip overpa[ys]." (Hr'g Tr. at 24.) This argument, however, is unavailing for three reasons.

First, the Legislature is presumed to mean what it says. Hyatt Corp. v. Indiana Dep't of State Revenue, 695 N.E.2d 1051, 1053 (Ind. Tax Ct. 1998), review denied. The Legislature knows how to prescribe the authority to grant refunds, having already done so for the Department under Indiana Code § 6-8.1-9 et seq. See, e.g., IND. CODE § 6-8.1-9-1(a) (2015) (providing that a person may file a refund claim with the Department if the person has paid more tax than the person determines is legally due). Moreover, when the Legislature intends to confer one or more of the Department's responsibilities to a different agency, it has expressed this intention clearly. For example, Indiana Code § 6-8.1-3-1(b) states:

6

> In the case of the motor vehicle excise tax, the [Department] has the responsibility to act only in the investigation, assessment, collection, and enforcement of the tax in instances of delinquency or evasion. Primary responsibility for the administration and collection of the tax remains with the agencies named in IC 6-6-5.

IND. CODE § 6-8.1-3-1(b) (2015). Indiana Code § 6-8.1-3-12 provides another example:

> County treasurers investigating tax matters under IC 6-9 have: (1) concurrent jurisdiction with the [Department]; (2) the audit, investigatory, appraisal, and enforcement powers described in this section; and (3) authority to recover court costs, fees, and other expenses related to an audit, investigatory, appraisal, or enforcement action under this section.

IND. CODE § 6-8.1-3-12(h) (2015). In contrast, Indiana Code §§ 6-9-6-6(b) and 6-9-29-3 provide no indication that the Legislature intended to confer upon the Treasurer the responsibility for determining LaPorte County innkeeper's tax refund claims either independently or as the proxy of the Department under Indiana Code § 6-8.1-9-1. In fact, Indiana Code § 6-9-6 et seq. and Indiana Code § 6-9-29 et seq. do not even mention the word "refund" or reference Indiana Code § 6-8.1-9-1.

Second, the Legislature conferred upon the Department three distinct responsibilities with respect to Indiana's listed taxes – "administration," "collection," and "enforcement." See I.C. § 6-8.1-3-1(a). These three terms, however, do not indicate that the duty to determine a claim for a refund is a subset of the department of revenue's collection or enforcement responsibilities. Indeed, collection responsibilities would include gathering or exacting a listed tax from a number of persons, presenting a tax as due, and receiving tax payments. See WEBSTER'S THIRD NEW INT'L DICTIONARY 444 (2002) (defining "collect" and "collection"). Enforcement responsibilities, on the other hand, would implicate procedures, acts, or events that are designed to compel the fulfillment of the listed taxes or cause them to take effect. See WEBSTER'S THIRD NEW

7

INT'L DICTIONARY 751 (defining "enforce" and "enforcement"). Without something more, therefore, the Court will not read into Ordinance No. 92-1 a grant of authority to the Treasurer to determine claims for the refund of the innkeeper's tax independently or as a stand-in for the Department under Indiana Code § 6-8.1-9-1.

Third, finding that the Legislature made the Treasurer responsible for just collecting the LaPorte County innkeeper's tax and not for determining refunds of overpayments does not produce an absurdity. As previously explained, there are other instances where the Legislature has divided collection and enforcement responsibilities between multiple agencies for purposes of administering Indiana's listed taxes. See I.C. § 6-8.1-3-1(b)-(c) (dividing collection and enforcement responsibilities for the motor vehicle and commercial vehicle excise taxes between the bureau of motor vehicles and the Department). Consequently, finding that the Legislature implemented such a division here, just as it has done in other contexts, neither produces an absurd result nor defeats its intent in enacting the statute. See Board of Comm'rs Cnty. of Jasper v. Vincent, 988 N.E.2d 1280, 1282 (Ind. Tax Ct. 2013) (stating that the Legislature intends for statutes to be applied logically to prevent unjust or absurd results); DeKalb Cnty E. Cmty. Sch. Dist. v. Dep't of Local Gov't Fin., 930 N.E.2d 1257, 1260 (Ind. Tax Ct. 2010) (providing that the primary goal in construing a statute is to determine and implement the Legislature's intent).

Blue Chip attempted to invoke the Court's jurisdiction based on the Treasurer's failure to act on its refund claim. Nothing within Indiana Code §§ 6-6-9 et seq., 6-9-29 et seq., 6-8.1-9-1, or Ordinance No. 92-1 conferred upon the Treasurer the authority to process refund claims or conferred upon this Court the authority to exercise jurisdiction

8

over the Treasurer's failure to act. While the Department's Memorandum of Decision may have influenced the path that Blue Chip pursued in appealing this case, it did not give the Court subject matter jurisdiction over this case. See Goldstein v. Indiana Dep't of Local Gov't Fin., 876 N.E.2d 391, 393 (Ind. Tax Ct. 2007) (providing that subject matter jurisdiction cannot be conferred on the Court by the consent or agreement of the parties). Instead, to invoke the jurisdiction of the Court, Blue Chip should have appealed from a final determination from the Department. See I.C. §§ 33-26-3-1, -2; I.C. § 6-8.1-9-1.

## CONCLUSION

For the reasons stated above, the Court DISMISSES Blue Chip's appeal for lack of subject matter jurisdiction. Accordingly, all pending motions, including the Motion to Strike Errata Sheet and Supplemental Affidavit of Blue Chip's Witness Sara Ellis made by the Visitors Bureau are hereby deemed MOOT.

SO ORDERED this 16th day of March 2015.

_____
Martha Blood Wentworth, Judge
Indiana Tax Court

Distribution:
Stephen H. Paul, Brent A. Auberry, Daniel R. Roy, Christopher L. Willoughby, Michael S. Bergerson, Shaw R. Friedman, Marilyn S. Meighen.

9