**ALLISON ENGINE CO., INC., Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

**No. 49T10–9910–TA–199.**

Tax Court of Indiana.

March 2, 2001.

Larry J. Stroble, Jennifer Dunfee, Barnes & Thornburg, Indianapolis, IN, Attorneys for Petitioner.

Steve Carter, Attorney General of Indiana, Joel Schiff, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Allison Engine Co., Inc. (Allison) challenges the Indiana Department of State Revenue's (Department) refusal to make a final determination on Allison's October 13, 1998 claim for refund in the amount of $1,352,219 for the tax years 1994, 1995, and 1996. The sole issue for this Court's consideration is whether this Court has jurisdiction to decide Allison's appeal. For the reasons stated below, the Court finds for Allison.

## FACTS AND PROCEDURAL HISTORY

On February 26, 1998, Allison filed a claim for refund with the Department claiming that it was entitled to a refund in the amount of $1,415,855 for gross income tax paid for the tax years 1993 through 1996 (Claim One). Allison based Claim One upon the theory that a portion of the receipts from its engineering contracts qualified for a lower rate of gross income tax because Allison qualified as a "contractor" pursuant to IND. ADMIN CODE tit. 45, r. 1–1–100 (1996) (*repealed by* Dep't of Revenue effective Jan. 1, 1999). On May 21, 1998, the Department denied Claim One.

On October 13, 1998, Allison filed another claim for refund with the Department claiming that it was entitled to a refund of $1,352,219 for gross income tax paid during the tax years 1994 through 1996 (Claim Two). Allison based Claim Two upon the theory that its receipts from contracts with the United States Government (Government) qualified for a lower rate of gross income tax with respect to the tangible personal property supplied to the Government. Allison based this theory on its assertion that it is a retail merchant selling at retail because its contracts with the Government specifically provided that title to such property passed to the Govern-

ment. On July 12, 1999, the Department sent a letter to Allison regarding Claim Two wherein it stated that both Claim One and Claim Two were for corporate income tax and both were based on the same income derived from contracts Allison performs primarily for the U.S. Department of Defense. Therefore, the Department stated that Claim Two was a duplicate of Claim One and so it would not address Claim Two as it had been previously addressed in the Department's response to Claim One.

On October 6, 1999, Allison filed a Petition for Refund of Gross Income Tax with this Court. On June 22, 2000, the Department filed a motion for summary judgment asserting that this Court lacks jurisdiction in this case. On July 25, 2000, Allison filed a brief in response to the Department's motion requesting that this Court deny the Department's motion and grant summary judgment in favor of Allison.[1] A hearing was held on the motion on October 23, 2000. Additional facts will be provided as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court reviews the Department's final determinations de novo and is not bound by either the evidence presented or the issues raised at the administrative level. IND.CODE ANN. § 6–8.1–9–1(d) (West 2000); *Hunt Corp. v. Department of State Revenue,* 709 N.E.2d 766, 768 (Ind. Tax Ct.1999). Summary judgment is only appropriate where no genuine issues of material fact exist and the moving party is

1. The Court will treat Allison's request as a cross-motion for summary judgment. *See Hunt Corp. v. Department of State Revenue,* 709 N.E.2d 766, 767 n. 5 (Ind. Tax Ct.1999) (stating that under Trial Rule 56(B) a court may grant summary judgment to the non-moving party).

2. Pursuant to Ind.Code Ann. § 33–3–5–2(a),

[t]he tax court has exclusive jurisdiction over any case that arises under the tax laws

entitled to judgment as a matter of law. *Id.;* Ind. Trial Rule 56(C). Cross motions for summary judgment do not alter this standard. *Hyatt Corp. v. Department of State Revenue,* 695 N.E.2d 1051, 1053 (Ind. Tax Ct.1998), *review denied.*

### Discussion

The sole issue for this Court's consideration is whether this Court has jurisdiction to decide Allison's appeal. This Court has exclusive jurisdiction over original tax appeals [2] and cases where this Court has been specifically assigned jurisdiction by statute.[3] IND.CODE ANN. § 33–3–5–2(a) & (b) (West 2000). The procedures that a taxpayer must follow to claim a refund when the taxpayer believes that it has paid more tax than the taxpayer determines is due are set forth in IND.CODE ANN. § 6–8.1–9–1, which provides in relevant part:

(a) If a person has paid more tax than the person determines is legally due for a particular taxable period, the person may file a claim for a refund with the department. Except as provided in subsections (f) and (g), in order to obtain the refund, the person must file the claim with the department within three (3) years after the latter of the following:

(1)The due date of the return.

(2) The date of payment.

. . . The claim must set forth the amount of the refund to which the person is entitled and the reasons that the person is entitled to the refund.

(b) When the department receives a claim for refund, the department shall

of this state and that is an initial appeal of a final determination made by:

(1) the department of state revenue with respect to a listed tax (as defined in IC 6–8.1–1–1); or

(2) the state board of tax commissioners.

3. In this case, the letter sent to Allison regarding Claim Two does not constitute a final determination. (Resp't Ex. 4 at 2.) However, jurisdiction is conferred by I.C. § 6–8.1–9–1(c)(3). *See infra.*

consider the claim for refund and may hold a hearing on the claim for refund to obtain and consider additional evidence. After considering the claim and all evidence relevant to the claim, the department shall issue a decision on the claim, stating the part, if any, of the refund allowed and containing a statement of the reasons for any part of the refund that is denied. The department shall mail a copy of the decision to the person who filed the claim. If the department allows the full amount of the refund claim, a warrant for the payment of the claim is sufficient notice of the decision. (c) If the person disagrees with any part of the department's decision, he may appeal the decision, regardless of whether or not he protested the tax payment or whether or not the person has accepted a refund. The person must file the appeal with the tax court. The tax court does not have jurisdiction to hear a refund appeal suit, if:

(1) the appeal is filed more than three (3) years after the date the claim for refund was filed with the department;

(2) the appeal is filed more than ninety (90) days after the date the department mails the decision of denial to the person; or

(3) the appeal is filed both before the decision is issued and before the one hundred eighty-first day after the date the person files the claim for refund with the department.

The Department argues that this Court does not have jurisdiction because Allison did not meet the statutory prerequisites to bring this action. More specifically, the Department argues that Allison had ninety days to file an appeal from Claim One, failed to do so, and cannot file a second claim involving the same amount and same tax and appeal that claim to this Court. The Department asserts that Allison has impermissibly tried to resurrect Claim One by filing Claim Two. The Department bases this argument on its assertion that Claim One and Claim Two are duplicate claims.

■ The Indiana statutes do not address whether more than one claim for refund can be filed for the same tax. This is an issue of first impression in Indiana. However, federal courts have addressed this issue. In *Charlson Realty Co. v. United States*, the taxpayer filed a claim for refund based upon the allegation that the taxpayer had not realized any gain on its sale of certain property (First Claim). *Charlson Realty Co. v. United States*, 181 Ct.Cl. 262, 384 F.2d 434, 437 (1967). While the First Claim was pending, the taxpayer filed an amended claim for refund that contained various specific grounds that were not contained in the First Claim (Second Claim). *Id.* at 437–38. The Internal Revenue Service (IRS) denied both claims. *Id.* at 438.

The taxpayer then filed suit with regard to the Second Claim in the United States Court of Claims. *Id.* The IRS asserted that the Court of Claims did not have jurisdiction to hear the case because the taxpayer did not file its suit within two years from the date its First Claim for refund was denied as required by federal law.[4] *Id.* The IRS contended that the First Claim and the Second Claim were identical and that the Second Claim was simply a repetition of the First Claim. *Id.* Therefore, the IRS asserted that the Second Claim did not extend the period of limitations in which the taxpayer was required to file suit. *Id.* The Court of Claims stated that on that theory, the taxpayer's suit would be barred. *Id.* However, the taxpayer argued that the Second Claim was an entirely new and different claim from the First Claim and that it filed its suit within two years after the IRS denied its Second Claim. *Id.* The Court of Claims stated that it would have jurisdiction if the claims were different. *Id.*

---

4. Pursuant to § 6532(a) of the Internal Revenue Code, a taxpayer has two years to file a lawsuit after the IRS denies a claim for refund. I.R.C. § 6532(a).

The Court of Claims next analyzed whether the Second Claim was a separate claim containing different facts, grounds, and theories for recovery than did the First Claim. *Id.* at 439. Both claims contained the same amount of tax and interest. *Id.* Both Claims also had the same grounds as were set forth in the First Claim, but the Second Claim added "various other and different grounds and theories for recovery." *Id.* After reviewing both claims, the Court of Claims found that the two claims were separate and distinct and that the Second Claim alleged and asserted facts, grounds, and theories for recovery that were different from those set forth in the First Claim. *Id.* at 440. The Court of Claims went on to state:

> The second claim was not a mere repetition of the first claim, but is based upon new grounds, and, therefore, constitutes a separate claim which is entitled to independent treatment with reference to the statute of limitations. Accordingly, the limitation period commenced to run from the date the second claim was disallowed....  ·

*Id.*

In *Huettl v. United States,* the taxpayers filed a claim with the IRS for a refund of tax (First Claim). *Huettl v. United States,* 675 F.2d 239, 240 (9th Cir.1982). The IRS denied the First Claim because the three year statute of limitations barred the taxpayers' claim. *Id.* at 240–41. Subsequently, the Ninth Circuit decided a case that implied that the proper statute of limitations period was ten years, not three years for claims such as the one the taxpayers had made in Claim One with the IRS. *Id.* at 241. Thereafter, the taxpayers filed a second claim with the IRS that, with the exception to citing the Ninth Circuit decision regarding the ten year statute of limitations, was identical to the First Claim (Second Claim). *Id.* The IRS denied the Second Claim. *Id.*

Next, the taxpayers filed suit in the United States District Court for the Northern District of California within two years of the IRS's denial of the taxpayers' Second Claim. *Id.* at 239, 241. The District Court held that the taxpayers' Second Claim with the IRS was identical to their First Claim and therefore the Second Claim could not extend the two year limitations period. *Id.* at 241. Thus, the district court held that the limitations period to file suit began running when the IRS denied the First Claim. *Id.*

The taxpayers then appealed to the United States Court of Appeals for the Ninth Circuit. *Id.* The Ninth Circuit stated that generally a taxpayer may "file more than one administrative refund claim within the statutory period applicable to the filing of claims with the IRS." *Id.* However, the Ninth Circuit noted that a second claim for refund on identical grounds does not extend the limitations period in which the taxpayer must file suit in the district court. *Id.* So, as in *Charlson Realty Co.,* the issue boiled down to whether the taxpayers' Second Claim was identical to the First Claim. *Id.* at 242. The Ninth Circuit found that an intervening change in the law between the IRS's denial of the First Claim and the bringing of a suit on the Second Claim was not a sufficient basis upon which to distinguish the claims. *Id.* As such, the Ninth Circuit affirmed the district court's determination stating that the taxpayers did not introduce "different facts, statutory grounds, or theoretical bases for recovery, and their claims were therefore identical." *Id.* at 242. Consequently, the Ninth Circuit held that the limitations period began to run on the date that the IRS denied the First Claim. *Id.* As a result, the taxpayers' case was barred. *Id.*

This Court finds the analysis and conclusion of each of the federal courts on this issue to be both persuasive and sound. Therefore, this Court adopts a similar analysis in this opinion. Therefore, the Court looks to whether Allison's Claim One and Claim Two were identical. To do so, this Court will consider the facts, grounds, and theories in each claim.

■ Allison's Claim One was filed for the tax years 1993 through 1996 and requested a refund of $1,415,855. (Resp't Ex. 1 at 4.) Claim One was based upon the theory that pursuant to Ind. Admin. Code tit. 45, r. 1–1–100 Allison qualified as a contractor. (Resp't Ex. 1 at 4.) Therefore, Allison claimed that it qualified for a lower rate of gross income tax for the portion of the contract prices it received that was an expense for materials used in Saleable Engineering.[5] (Resp't Ex. 1 at 4.)

Allison's Claim Two was filed for the tax years 1994 through 1996 and requested a refund of $1,352,219. (Resp't Ex. 3 at 2.) Claim Two was based upon the theory that because Allison's contracts with the government required that title to materials and other tangible property pass to the government, Allison was selling at retail as defined in Ind.Code Ann. § 6–2.1–2–1(b).[6] Therefore, Allison asserted in Claim Two that it should be taxed at a lower rate.[7]

It is clear from reviewing the theories and facts in both Claim One and Claim Two that while there is some overlap, the claims are not identical. They can be meaningfully distinguished. Claim One is based upon the theory and facts which support Allison's contention that it is a contractor while Claim Two is based upon the theory and facts which support its assertion that it is selling at retail because of the title passage clauses in its government contracts. Because Claim Two is based upon different grounds and facts and constitutes a separate claim upon which the Department did not make a decision, I.C. § 6–8.1–9–1(c)(2) is not applicable.

Allison filed Claim Two with the Department on October 13, 1998. The Department did not make a decision on the merits of Claim Two. Instead, on July 12, 1999, the Department sent Allison a letter that stated that it would not address Claim Two because it had been previously addressed in the Department's response to Claim One, which denied Allison a refund. (Resp't Ex. 4 at 2.) On October 6, 1999, Allison filed its appeal with this Court. As such, this Court has jurisdiction to hear Allison's appeal because it was filed less than three years but more than 180 days after Allison filed Claim Two with the Department and the Department had not made a decision on Claim Two. See I.C. § 6–8.1–9–1(c)(1) & (3); See also City Secs. Corp. v. Department of State Revenue, 704 N.E.2d 1122,1125 (Ind. Tax Ct.1998) (stating that I.C. § 6–8.1–9–1(c) "confers jurisdiction on this Court to hear an appeal when the taxpayer has waited at least 181 days (and less than three years) but has received no determination from the Department regarding his claim for refund"). Consequently, the Court DENIES the Department's motion for summary judgment.

## CONCLUSION

Based upon the foregoing, this Court DENIES the Department's motion for

5. Indiana Admin. Code tit. 45, r. 1–1–100 (1996) provided that if a taxpayer qualifies as a "contractor," the portion of the contract price "representing tangible personal property or material shall be taxed at the lower rate."

6. Indiana Code § 6–2.1–2–1(b) (West 2000) provides
(1) "Selling at retail" means a transaction in which a retail merchant in the ordinary course of his regularly conducted business transfers the ownership of tangible personal property to another, conditionally or otherwise, for a consideration if:
(A) the retail merchant had previously acquired that tangible personal property for the purpose of reselling it; and

(B) the transferee acquiring the property does not acquire the tangible personal property for the purpose of making a wholesale sale.

7. Indiana Code Ann. § 6–2.1–2–3(a) (West 2000) provides that the "receipt of gross income from transactions described in [Ind.Code Ann. § 6–2.1–2–4] is subject to a tax rate of three-tenths of one percent (0.3%)." Indiana Code § 6–2.1–2–4 (West 2000) provides that the receipt of gross income from among other things, selling at retail, is subject to the rate of tax prescribed in I.C. § 6–2.1–2–3(a).

summary judgment and GRANTS summary judgment in favor of Allison as to jurisdiction, but declines to decide the merits of Allison's appeal. Therefore, this Court REMANDS this case to the Department with instructions to make a final determination on the merits of Claim Two.

