U–HAUL CO. OF INDIANA, INC.,
et al.[1], Petitioners,

v.

INDIANA DEPARTMENT OF STATE
REVENUE, Respondent.

No. 49T10–9801–TA–1.

Tax Court of Indiana.

Dec. 20, 2002.

Publication Ordered March 10, 2003.

---

**1.** Petitioners include: U–Haul Company of Indiana, Inc. (formerly U–Haul Company of Central Indiana, Inc.); U–Haul Company of Illinois (as successor in interest to U–Haul Company of Chicago Metroplex); U–Haul Company of Kentucky (formerly U–Haul Company of Louisville); U–Haul Company of Ohio (as successor in interest to U–Haul Company of Northwestern Ohio and U–Haul Company of Southwestern Ohio); and U–Haul Company of Michigan (as successor in interest to U–Haul Company of Western Michigan) (collectively referred to as "the Petitioners").

Barton T. Sprunger, Mark J. Richards, Ice Miller, Indianapolis, IN, Attorneys for Petitioners.

Steve Carter, Attorney General of Indiana, Indianapolis, IN, Linda I. Villegas, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON PETITIONERS' MOTION FOR SUMMARY JUDGMENT AND JUDGMENT ENTRY PURSUANT TO IND. TRIAL RULE 58.

FISHER, J.

The Petitioners challenge the Indiana Department of State Revenue's ("Department") finding that they are liable for gross income tax plus interest on 100% of certain rental receipts for the tax years ending March 31, 1988, 1989, 1993, 1994, and 1995 ("tax years at issue").[2] The Court restates the issue for review as whether the Petitioners are liable for gross income tax on 100% of rental amounts when they did not receive 100% of these amounts.[3]

For the reasons stated below, the Court GRANTS the Petitioners' motion for summary judgment.

### FACTS AND PROCEDURAL HISTORY

The Petitioners are part of the U–Haul Rental System ("U–Haul System"), which rents moving equipment (such as trucks, trailers, and associated rental equipment) to the public for use throughout the United States. The U–Haul System is composed of four groups: (1) Fleet Owners; (2)

2. The Department's finding of liability for the 1988 and 1989 tax years was issued to all Petitioners. The Department's finding of liability for the 1993–1995 tax years was issued to U–Haul Company of Indiana only.

3. In the alternative, the Petitioners argue that summary judgment should be granted in their favor because the Department's assessment of gross income tax on 100% of the rental amounts was a change in its regulatory or policy interpretation, thereby increasing their gross income tax liability without prior notification. (Pet'rs Summ. J. Br. at 37–43) (citing IND.CODE § 6–2.1–8–3). Because this Court finds that Petitioners are entitled to summary judgment on their first issue, *see infra,* it will not address this second issue.

Rental Companies; (3) Rental Dealers; and (4) U–Haul International ("UHI").

These four groups are bound together through a series of contractual relationships between UHI and Fleet Owners ("Fleet Owner Contracts"), between UHI and Rental Companies (which includes the Petitioners) ("Rental Company Contracts"), and between Rental Companies and Rental Dealers ("Rental Dealer Contracts"). The form, terms, and conditions of all contracts are controlled by UHI. Under the terms of these contracts, each member of the U–Haul System receives only a percentage of the total rental receipts collected by the Rental Dealers from the public.

The Fleet Owners are corporations, partnerships, or individuals that own and supply the moving equipment to the U–Haul System for rental purposes. Pursuant to a contract with UHI, all Fleet Owners entrust their equipment to the U–Haul System in exchange for a percentage of the rental amounts collected by the Rental Dealers from the public.

The Rental Companies (which includes the Petitioners) are separate corporations that merchandise and supervise the maintenance and repair of the rental equipment. The Rental Companies contract with UHI, and UHI assigns a territory wherein the Rental Companies are responsible for establishing and servicing Rental Dealers for the U–Haul System.[4] Pursuant to those contracts, the Rental Companies receive a "standard percent" of the gross rental income collected by Rental Dealers located in their territories.

The Rental Dealers are business entities that display and rent the U–Haul moving equipment to the public. Typically, the Rental Dealers have been local gas stations and are unrelated to other members of the U–Haul System.[5] Pursuant to their contracts with the Rental Companies, the Rental Dealers make weekly deposits of all rental income collected from the public to a depository bank account belonging to UHI. Rental Dealers are entitled to a contractual percentage of the gross rental amounts which they collect from the public upon the leasing of the moving equipment.

UHI is a service company located in Phoenix, Arizona. UHI provides clearing house, accounting, computer, management analysis, and other services to the U–Haul System in accordance with its contracts with the Fleet Owners and Rental Companies. Upon receipt of the rental amounts collected by the Rental Dealers, UHI is responsible for distributing the contractual shares of the rental amounts to the Fleet Owners, Rental Companies, and Rental Dealers. UHI retains the rental amounts that remain after the contractual percentages are distributed to the other U–Haul System members.

For the tax years at issue, the Petitioners reported and paid gross income tax only on their contractual percentage of the rental amount collected by the Rental Dealers located in their Indiana territories ("Indiana Rental Dealers"). In 1991, however, after an audit of the 1988 and 1989 tax years, the Department issued proposed assessments to the Petitioners for gross income tax, interest, and a penalty on 100% of the rental amounts collected by Indiana Rental Dealers for those tax

---

4. For the tax years at issue, the Petitioners' territories included either portions of, or all of, Indiana.

5. Over the years, however, some subsidiaries of UHI have acquired property to serve as retail locations to lease moving equipment. Thus, some Rental Companies also serve as Rental Dealers at company-owned locations within their territories.

years. The Petitioners protested the proposed assessments. On December 31, 1996, the Department issued a Letter of Findings in which it denied the Petitioners' protest, reasoning that the Indiana Rental Dealers were the agents for the Petitioners and that the distribution payments made by UHI to other members of the U-Haul System represented payment of the Petitioners' expenses for their direct benefit. The Department, however, waived the penalty. The Petitioners filed for a rehearing. On July 11, 1997, the Department issued a Letter of Finding on the rehearing, upholding its determination.

In 1996, after another audit, the Department issued proposed assessments for gross income tax, interest, and a penalty on 100% of the rental income collected by the Indiana Rental Dealers for the 1993–1995 tax years. The Petitioners protested the proposed assessments. On July 14, 1997, the Department issued a Letter of Finding, again denying Petitioners' protest but waiving the penalty. The Department found that Petitioners were liable for gross income tax on 100% of the rental amounts collected by the Indiana Rental Dealers.

The Department then issued Notices for Payment and assessed Petitioners for additional gross income tax and interest for the tax years at issue.[6] After the assessments were paid, the Petitioners filed claims for refund. The Department denied those refund claims on December 19, 1997.

On January 6, 1998, the Petitioners filed an original tax appeal. On September 8, 1998, the Petitioners moved for summary judgment. This Court held a hearing on the Petitioners' motion on November 23, 1998. Additional facts will be supplied as needed.

## ANALYSIS AND OPINION

### Standard of Review

 This Court reviews final determinations of the Department *de novo*. IND. CODE § 6–8.1–9–1(d). Therefore, it is not bound by either the evidence presented or issues raised at the administrative level. *Allison Engine Co., Inc. v. Indiana Dep't of State Revenue*, 744 N.E.2d 606, 608 (Ind. Tax Ct.2001). Summary judgment is proper only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See* Ind. Trial Rule 56(C); *Allison Engine*, 744 N.E.2d at 608.

### Discussion

The issue is whether the Petitioners are liable for gross income tax on 100% of rental amounts collected by the Indiana Rental Dealers when they did not receive 100% of those rental amounts. The Department contends that the Petitioners are liable for the gross income tax on 100% of the rental amounts because the Rental Dealers served as the Petitioners' agents and collected the rental amounts on the Petitioners' behalf. While the Petitioners do not dispute that the Indiana Rental Dealers served in an agency capacity, they argue that the Department ignores the fact that they too served in agency capacity and were merely a conduit for the rental amounts going to UHI. Thus, the Petitioners argue that they are not liable for gross income tax on 100% of rental amounts because they themselves did not have a beneficial interest in 100% of the rental amounts. The Petitioners are correct.

---

**6.** The Department assessed the Petitioners with following amount of additional gross income and interest for the tax years at issue:

1988, $64,002.48; 1989, $91,937.26; 1993, $91,927.24; 1994, $95,839.05; and 1995, $101,429.33.

Indiana's gross income tax is imposed by Indiana Code § 6–2.1–2–2, which provides:

(a) An income tax, known as the gross income tax, is imposed upon the receipt of:

(1) the entire taxable gross income of a taxpayer who is a resident or a domiciliary of Indiana; and

(2) the taxable gross income derived from activities or businesses or any other sources within Indiana by a taxpayer who is not a resident or a domiciliary of Indiana.

IND.CODE § 6–2.1–2–2(a). The term "gross income" is broadly defined: "[e]xcept as expressly provided in [article 2.1], 'gross income' means all the gross receipts a taxpayer receives[.]" IND.CODE § 6–2.1–1–2(a). As applied to a taxpayer, "receipts" means "the gross income in cash, notes, credits, or other property that is received by the taxpayer or a third party for the taxpayer's benefit." IND.CODE § 6–2.1–1–10 (West 1989).[7] Further, a taxpayer "receives" gross income upon "(1) the actual coming into possession of, or the crediting to, the taxpayer, of gross income; or (2) the payment of a taxpayer's expenses, debts, or other obligations by a third party for the taxpayer's direct benefit." IND. CODE § 6–2.1–1–11.

The Department argues that the Petitioners are liable for gross income tax on 100% of the rental amounts because in the Petitioners' contracts with the Rental Dealers, the Rental Dealers collected rental amounts as agents for the Rental Companies (i.e., the Petitioners). Although that is true and income received by an agent is not taxable to the agent,[8] the Department fails to see that the Petitioners, in turn, acted in an agency capacity.

Our Supreme Court has defined agency as "the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Department of Treasury v. Ice Service, Inc.*, 220 Ind. 64, 41 N.E.2d 201, 203 (1942) (citing RESTATEMENT OF THE LAW OF AGENCY, § 1).[9] "A principal need merely have the right to control the alleged agent; it does not have to actually exercise control over the agent's activities." *Policy Mgmt. Sys. Corp. v. Indiana Dep't of State Revenue*, 720 N.E.2d 20, 24 (Ind. Tax Ct.1999), *review denied*. In addition, the Department's regulations indicate that taxpayers acting as agents are merely conduits for the passing of funds:

Taxpayers are not subject to gross income tax on income they receive in an agency capacity. However, before a taxpayer may deduct such income in computing his taxable gross receipts, he must meet two (2) requirements:

(1) The taxpayer must be a true agent [; and]

(2) The agent must have no right, title or interest in the money or proper-

---

**7.** This statute was amended in 1997. *See* IND.CODE § 6–2.1–1–10 (West Supp.1999).

**8.** *See Universal Group Ltd. v. Indiana Dep't of State Revenue*, 642 N.E.2d 553, 557 (Ind. Tax Ct.1994) (*UGL III*) (citation omitted).

**9.** During the tax years at issue, the Department chose to define "agency" as "a relationship which results from the manifestation of consent by one person to another authorizing the other to act on his behalf and subject to

his *complete* control, and consent by the other to so act." *Policy Mgmt. Sys. Corp. v. Indiana Dep't of State Revenue*, 720 N.E.2d 20, 23 n. 4 (Ind. Tax Ct.1999), *review denied* (quoting IND. ADMIN. CODE tit. 45, r. 1–1–54 (1988) (emphasis added)). However, this Court struck the adjective "complete" because it improperly added an element to the test for agency. See *Policy Mgmt.*, 720 N.E.2d at 23 n. 4 (citing *UGL III*, 642 N.E.2d at 557–58).

ty received or transferred as an agent.

IND. ADMIN CODE tit. 45, r. 1–1–54 (1992).

■ Here, the Petitioners were members of the U–Haul System through their contracts with UHI. The Petitioners entered into these contracts with UHI to serve as UHI's Rental Companies within specified territories and to market the U–Haul rental equipment to Rental Dealers. Because UHI specified the terms and conditions of the Petitioners' contracts with Rental Dealers, it also controlled the duties of the Petitioners to the Rental Dealers. Furthermore, UHI allowed the Petitioners to market only U–Haul rental equipment, and it required Petitioners to supervise the maintenance of equipment within its territory and to protect the U–Haul name from infringement. UHI also determined the percentage of rental amounts that the Petitioners would receive and controlled the payment of contractual percentages of rental amounts to the Petitioners and other members of the U–Haul System. The Rental Company Contracts show a manifestation of consent between UHI and the Petitioners that the Petitioners were acting on behalf of UHI and the U–Haul System and that Petitioners were subject to UHI's control. Thus, the Petitioners also served in an agency capacity. *See Ice Service*, 41 N.E.2d at 203. *See also Policy Mgmt.*, 720 N.E.2d at 26 (finding an agency relationship where signatures of contract represented parties consent and acceptance of agency status and parties' actions showed the principles' right to exercise control); *Indiana Dep't of Revenue, Gross Income Tax Div. v. Waterfiled (sic) Mortgage Co., Inc.*, 400 N.E.2d 212, 214–15 (Ind.Ct.App.1980) (affirming trial court's findings that mortgage company who collected and sent mortgage payments to banks acted as agent of banks and that mortgage payments were not gross income to mortgage company).

■ Furthermore, the Court agrees that the Petitioners did not have a beneficial interest in 100% of the rental income collected by the Indiana Rental Dealers. This Court has previously recognized that "the taxpayer's beneficial interest in income is central to the receipt of gross income." *Policy Mgmt.*, 720 N.E.2d at 23 (quoting *Universal Group Ltd. v. Indiana Dep't of State Revenue*, 609 N.E.2d 48, 50 (Ind. Tax Ct.1993) (*UGL I*), *supplemented by*, 634 N.E.2d 891 (Ind. Tax Ct.1994) (*UGL II*), *opinion on reh'g*, 642 N.E.2d 553 (Ind. Tax Ct.1994) (*UGL III*) (affirming judgment but vacating opinion in *UGL II*). "[A] taxpayer is not subject to gross income tax on receipts received on behalf of a third person." *Bloomington Country Club v. Indiana Dep't of State Revenue*, 543 N.E.2d 1, 3 (Ind. Tax Ct.1989) (citation omitted). "[T]he incidents of taxation follow the beneficial interest in income. Thus, a person who is a mere conduit for another is generally not taxable on the income received." *UGL I*, 609 N.E.2d at 53. *See also Bloomington Country Club*, 543 N.E.2d at 3.

Under the Fleet Owner Contracts, Rental Company Contracts, and Rental Dealer Contracts, each member of the U–Haul System was entitled to a specified percentage of the rental amounts collected by the Rental Dealers from the public.[10] Indiana Rental Dealers collect rental amounts from the public and each week send the entire

---

10. More specifically, Fleet Owners are entitled to a percentage of the rental amounts collected from the rental of their equipment in the U–Haul System, Rental Companies are entitled to a standard percent of the rental income from the rental of U–Haul equipment in their territories, and Rental Dealers are entitled to receive a percentage of the rental income transacted at the dealership location.

rental amount, dollar for dollar, to a depository account maintained by UHI. Thereafter, UHI distributes a contractually specified share of the rental amounts to the Petitioners and other members of the U–Haul System. UHI the retains the rental amounts that remain after the contractual percentages are distributed to the other U–Haul System members. The Petitioners do not have any right or beneficial interest in the rental amounts collected by the Indiana Rental Dealers beyond their contractually specified percentage. The Petitioners are merely a conduit for the rental amounts to pass to UHI and did not have a beneficial interest in 100% of the rental amounts. Thus, the Petitioners are not liable for gross income tax on 100% of the rental amounts collected by the Indiana Rental Dealers. *See Policy Mgmt.,* 720 N.E.2d at 23; *UGL I,* 609 N.E.2d at 53; *Bloomington Country Club,* 543 N.E.2d at 3. Accordingly, this Court GRANTS the Petitioners' motion for summary judgment.

## CONCLUSION

For the aforementioned reasons, this Court GRANTS the Petitioners' motion for summary judgment. The parties shall bear their own costs.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment be and is entered in favor of the Petitioners and against the Department.

## *ORDER*

The Petitioners, U–Haul Co. of Indiana, Inc. (formerly U–Haul Company of Central Indiana, Inc.) *et al.,* have filed their "Motion for Publication for Publication of Order on Petitioners' Motion for Summary Judgment."

No Response or objection has been filed by the Respondent.

The Court, having considered same and being duly advised in the premises, now finds said motion should be GRANTED and that this Court's decision in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. Petitioners' "Motion for Publication of Order on Petitioners' Motion for Summary Judgment" is granted and this Court's decision heretofore handed down in this cause on December 20, 2002, marked "Not for Publication" is now ordered published.