NORRELL SERVICES, INC., Petitioner,

v.

INDIANA DEPARTMENT OF STATE REVENUE, Respondent.

No. 49T10–9904–TA–23.

Tax Court of Indiana.

Sept. 21, 2004.

Larry J. Stroble, Randal J. Kaltenmark, Barnes & Thornburg, LLP, Indianapolis, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Ted J. Holaday, Laureanne Nordstrom, Deputy Attorneys General Indianapolis, IN, Attorneys for Respondent.

## ORDER ON PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

FISHER, J.

Norrell Services, Inc. (Norrell) appeals the Indiana Department of State Revenue's (Department) imposition of Indiana gross income tax on franchise fees Norrell received during the years ending November 1, 1992, October 31, 1993, and October 31, 1994 (the years at issue). The matter is currently before the Court on the parties' cross-motions for summary judgment.

## FACTS AND PROCEDURAL HISTORY

The material facts as they relate to this case are undisputed. Norrell is a Georgia corporation with its principal office in Atlanta, Georgia. Norrell is in the business of providing temporary employee services. Norrell entered into franchise agreements (Agreements) with various franchisees in the State of Indiana (franchisees) during the late 1970's. Pursuant to the Agreements, franchisees paid Norrell a fee for the "franchise and license granted [by Norrell] in th[e] Agreement, for payroll and billing services[,] and for financing of receivables[.]" (Pet'r App. to Br. [ ] in Supp. of its Mot. for Summ. J., Ex. 11 at 4.) (*See also* Pet'r App. to Br. [ ] in Supp. of its Mot. for Summ. J., Ex. 3 at 5.)

In 1982, the Department audited Norrell and concluded that Norrell was liable for gross income tax on the franchise fees it received during the 1979–1981 tax years. In so doing, the Department concluded that the Agreements between Norrell and its franchisees created an agency relationship rather than a franchise relationship. (*See* Pet'r App. to Br. [ ] in Supp. of its Mot. for Summ. J., Ex. 1 at 3.) Norrell protested the audit. On February 17, 1984, the Department issued a Letter of Findings (1984 LOF) in which it determined that the Agreements *were* franchise agreements, and that Norrell's "local activity [wa]s not sufficient to permit imposing the gross income tax on the franchise fees."[1] (*See* Pet'r App. to Br. [ ] in Supp. of its Mot. for Summ. J., Ex. 6 at 1–3 (footnote added).)

In 1996, the Department issued proposed assessment notices to Norrell to collect gross income tax on the franchise fees it received for the years at issue. (*See* Pet'r App. to Br. [ ] in Supp. of its Mot. for Summ. J., Ex. 7–9.) Norrell protested the assessment. On October 6, 1998, the Department issued a Letter of Findings (1998 LOF) in which it determined that Norrell was liable for gross income tax on the portion of the franchise fees it received for

---

**1.** The Department's regulations provide that an

[out]-of-state franchisor with an Indiana franchisee ... is taxable upon that part of his fees and income derived from activities in this state, including the operation of an in-state business situs, the rental of real and personal property in Indiana, and the performance of services for in-state franchisees, more than a minimal or incidental amount of which takes place in the state. IND. ADMIN. CODE tit. 45, r. 1–1–48(4) (1992).

"payment of employees' wages" and "royalty fees." (Pet'r App. to Br. [ ] in Supp. of its Mot. for Summ. J., Ex. 12 at 5–6.)

On April 1, 1999, Norrell initiated an original tax appeal. Norrell subsequently filed a motion for summary judgment on June 8, 2000. The Department filed a cross motion for summary judgment on April 20, 2001. The Court conducted a hearing on the parties' motions on September 26, 2001. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

This Court reviews the Department's final determinations *de novo*. IND.CODE ANN. § 6–8.1–5–1(h) (West Supp.2004). Therefore, the Court is not bound by either the evidence presented or the issues raised at the administrative level. *Snyder v. Indiana Dep't of State Revenue*, 723 N.E.2d 487, 488 (Ind. Tax Ct.2000), *review denied*.

In addition, a motion for summary judgment will be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Cross motions for summary judgment do not alter this standard. *Snyder*, 723 N.E.2d at 488.

### Discussion

■ During the years at issue, Indiana's gross income tax was imposed on the receipt of:

(1) the entire taxable gross income of a taxpayer who [was] a resident or a domiciliary of Indiana; and

(2) the taxable gross income derived from activities or businesses or any other sources within Indiana by a taxpayer

who [was] not a resident or a domiciliary of Indiana.

IND.CODE ANN. § 6–2.1–2–2(a) (West 1992) (repealed 2002). Gross income included "cash, notes, credits, or other property that [was] received by the taxpayer ... for the taxpayer's benefit." IND.CODE ANN. § 6–2.1–1–10 (West 1992) (repealed 2002).

Norrell claims that the Department's position as stated in its 1998 LOF represents a "change of interpretation" in the imposition of the gross income tax as expressed in the 1984 LOF. (*See* Pet'r Br. in Supp. of Mot. for Summ. J. at 7.) More specifically, Norrell explains that in its 1984 LOF, the Department determined that Norrell, as an out-of-state franchisor, was not liable for gross income tax on the franchise fees it received from Indiana franchisees. In the 1998 LOF, however, Norrell explains that the Department determined that Norrell was liable for gross income tax on the portion of the franchise fees attributable to "royalty" and "payroll." Such a change, Norrell contends, is prohibited by Indiana Code § 6–8.1–3–3 which, for the years at issue, provided that "[n]o change in the department's interpretation of a listed tax[2] may take effect before the date the change is [ ] adopted in a rule under this section ... if the change would increase a taxpayer's liability for a listed tax." IND.CODE ANN. § 6–8.1–3–3(b) (West 1994) (amended 1996) (footnote added).

■ It is clear to the Court that the position of the Department in its 1998 LOF is different than the position it took in its 1984 LOF. Specifically, in its 1998 LOF, the Department concluded that the payroll portion of the franchise fees was taxable because Norrell was acting as an

---

**2.** Indiana's gross income tax is a "listed tax" pursuant to Indiana Code § 6–8.1–1–1. IND.

CODE ANN. § 6–8.1–1–1 (West 1994) (amended 2002).

agent of its franchisees.[3] (*See* Pet'r App. to Br. [ ] in Supp. of its Mot. for Summ. J., Ex. 12 at 5.) In contrast, the 1984 LOF determined that an agency relationship did not exist between Norrell and its franchisees. Similarly, the Department determined in its 1998 LOF that the royalty portion of the franchise fee was taxable because it was an intangible with a business situs in Indiana (i.e., the franchisees).[4] Yet, in its 1984 LOF, the Department did not attribute the franchisees' activities to Norrell when it determined that Norrell did not have sufficient local activities to support the imposition of the gross income tax.

Absent a modification in the Agreements, or a change in the governing regulations, the Department improperly altered its 1984 LOF interpretation as to the imposition of gross income tax against Norrell.[5] Accordingly, the Court grants summary judgment in favor of Norrell and against the Department.

## CONCLUSION

For the above stated reasons, the Court GRANTS the Petitioner's motion for summary judgment and DENIES the Department's motion for summary judgment.

SO ORDERED this 21st day of September, 2004.

---

**3.** Taxpayers are not required to pay gross income tax on income they receive in an agency capacity. *See U–Haul Co. of Indiana, Inc. v. Indiana Dep't of State Revenue*, 784 N.E.2d 1078, 1082 (Ind. Tax Ct.2002). *See also* IND. ADMIN. CODE tit. 45, r. 1–1–54 (1992). The Indiana Supreme Court has defined agency as "the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Dep't of Treasury v. Ice Service, Inc.*, 220 Ind. 64, 41 N.E.2d 201, 203 (1942) (quoting RESTATEMENT OF THE LAW OF AGENCY, Vol. I, § 1, p. 7).

**4.** "[I]f a taxpayer has a 'business situs' in Indiana ... and the intangible or the income derived therefrom is connected with that business, either actually or constructively, the gross receipts of those intangibles will be required to be reported for gross income tax purposes." IND. ADMIN. CODE tit. 45, r. 1–1–51 (1992). A "business situs" may be established when· a taxpayer uses, occupies, or operates an office or performs services within Indiana. *See* IND. ADMIN. CODE tit. 45, r. 1–1–49 (1992).

**5.** The Court notes that

the [D]epartment may exercise its discretion to retroactively rescind or modify rulings in the following *extreme circumstances*, which are not all inclusive:
(A) There was a misstatement or omission of material facts.
(B) The facts, as developed after the ruling, were materially different from the facts on which the department based its ruling.
(C) There was a change in the applicable statute, case law or regulation.
(D) The taxpayer directly involved in the ruling did not act in good faith.

IND. ADMIN. CODE tit. 45, r. 15–3–2(d)(2) (1992) (emphasis added). Nevertheless, the Department has not pointed to any evidence to justify its change in policy from its 1984 LOF to its 1998 LOF. *See also State ex rel. ANR Pipeline Co. v. Indiana Dep't of State Revenue*, 672 N.E.2d 91, 94 (Ind. Tax Ct.1996) (stating that "a change in reasoning does not constitute an error of law and does not justify the alteration of a final administrative decision").