FRESENIUS USA MARKETING,
INC., Petitioner,

v.

INDIANA DEPARTMENT OF STATE
REVENUE, Respondent.

No. 49T10–1008–TA–45.

Tax Court of Indiana.

June 1, 2012.

Francina A. Dlouhy, J. Daniel Ogren, Fenton D. Strickland, Faegre Baker Daniels LLP, Indianapolis, IN, Attorneys for Petitioner.

Gregory F. Zoeller, Indiana Attorney General, John D. Snethen, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON RESPONDENT'S MOTION TO DISMISS

### WENTWORTH, J.

Fresenius USA Marketing, Inc. has appealed the Indiana Department of State Revenue's final determination denying its claim for refund of gross retail (sales) and use tax collected on its sales of dialysis equipment and remitted to the Department between January 1, 2004 and October 31, 2007 (the period at issue). The matter is currently before the Court on the Department's motion to dismiss, which the Court denies.

## FACTS AND PROCEDURAL HISTORY

During the period at issue, Fresenius sold equipment used to treat patients with End Stage Renal Disease. The equipment included, but was not limited to, dialysis machines, dialyzers, fistula needles, bloodlines, compression dressings and bandages, intravenous sets, and syringes. The equipment, "working together as an artificial replacement kidney, [is] prescribed for a therapeutic purpose, and [to] alleviate a condition brought about by an injury to or malfunction of the patient's body (specifically the kidneys)." (Pet'r Resp. Resp't Mot. Dismiss ("Pet'r Resp.") at 2.)

Fresenius collected sales tax from its customers on its equipment sales and remitted it to the Department. Fresenius subsequently filed a refund claim with the Department, maintaining that the sales were relieved from taxation pursuant to the durable medical equipment exemption [1] and, as a result, it erroneously collected sales tax from its customers. Fresenius indicated that once it received the refund from the Department, it would return the proper amounts to each of its customers. (*See* Pet'r Original Tax Appeal Pet.

---

1. Indiana Code § 6–2.5–5–18 provides in relevant part that "[s]ales of durable medical equipment, prosthetic devices, artificial limbs, orthopedic devices, dental prosthetic devices, eyeglasses, contact lenses, and other medical supplies and devices are exempt from the state gross retail tax, if the sales are prescribed by a person licensed to issue the prescription." IND.CODE § 6–2.5–5–18(a) (2004).

("Pet."), Ex. A at 3.) On June 7, 2010, the Department issued a final determination denying Fresenius's claim.

On August 21, 2010, Fresenius initiated an original tax appeal. On February 17, 2011, the Department filed a motion to dismiss Fresenius's appeal. The Court conducted a hearing on the Department's motion on May 23, 2011. Additional facts will be supplied as necessary.

## ISSUES

In its motion, the Department provides three alternative reasons for the dismissal of Fresenius's appeal:

I.  The Court lacks subject matter jurisdiction over Fresenius's appeal and the case must therefore be dismissed under Indiana Trial Rule 12(B)(1);

II. Fresenius lacks standing to bring its appeal and the case must therefore be dismissed under Indiana Trial Rule 12(B)(2) [2]; and

III. Fresenius has failed to certify its appeal as a class action lawsuit and the case must therefore be dismissed under Indiana Trial Rule 12(B)(6).

(Resp't Br. Mot. Dismiss ("Resp't Br.") at 3–4 (footnote added).)

## I.  SUBJECT MATTER JURISDICTION

■■■ Subject matter jurisdiction is the power of a court to hear and determine a particular class of cases. *K.S. v. State*, 849 N.E.2d 538, 540 (Ind.2006). Subject matter jurisdiction can only be conferred upon a court by the Indiana Constitution or by

statute. *State v. Sproles*, 672 N.E.2d 1353, 1356 (Ind.1996).

■■■ The Tax Court has exclusive subject matter jurisdiction over "original tax appeals." Ind.Code §§ 33–26–3–1, –3 (2012). An original tax appeal must meet two statutory requirements: 1) the case must "arise[ ] under the tax laws of Indiana" and 2) the case must be an initial appeal of a final determination made by the Department with respect to a listed tax. I.C. § 33–26–3–1. A case "arises under" Indiana's tax laws if it principally involves the collection of a tax or defenses to that collection or an Indiana tax statute creates the right of action. *Sproles*, 672 N.E.2d at 1357. The requirement that a case be an initial appeal of a final determination embodies the principle basic to all administrative law that a party seeking judicial relief from an agency action must first establish that all administrative remedies have been exhausted. *See State Bd. of Tax Comm'rs v. Ispat Inland, Inc.*, 784 N.E.2d 477, 482 (Ind.2003). Thus, the lack of a final determination from the Department, which is the equivalent to the failure to exhaust administrative remedies, will act to deprive the Tax Court of subject matter jurisdiction in a case. *See State ex rel. Att'y Gen. v. Lake Super. Ct.*, 820 N.E.2d 1240, 1247 (Ind.2005) (citation omitted), *cert. denied; Ispat Inland*, 784 N.E.2d at 482.

In its motion, the Department argues that the Court lacks subject matter jurisdiction because Fresenius failed to obtain a properly executed power of attorney form from its customers authorizing it to represent them at the administrative level as

---

2.  An allegation that a party lacks standing is properly filed under Indiana Trial Rule 12(B)(6) (failure to state a claim upon which relief can be granted), not Indiana Trial Rule 12(B)(2) (lack of jurisdiction over the person). *See McPeek v. McCardle*, 888 N.E.2d 171, 173 (Ind.2008); *Musgrave v. State Bd. of Tax Comm'rs*, 658 N.E.2d 135, 139 (Ind. Tax Ct.1995). Accordingly, the Court will treat the Department's 12(B)(2) motion as one raised under 12(B)(6).

required by Indiana Code § 6–8.1–3–8.[3] (See Resp't Br. at 6–8 (footnote added).) Accordingly, the Department explains that the customers' "putative refund claims have never legally been before … [or] addressed by the Department[ ] and [thus] the[ir] individual refund remedies have never been exhausted." (Resp't Br. at 7–8.) Furthermore, the Department contends that because the customers have failed to exhaust their administrative remedies, they "cannot now elect to be represented by [Fresenius] in order to seek a class-wide refund in this Court." (See Resp't Br. at 11.) The Department's arguments fail, however, because it improperly focuses on Fresenius's customers rather than on Fresenius itself.

■ Fresenius, the petitioner in this case, meets both statutory requirements for initiating an original tax appeal. First, Fresenius's case arises under Indiana's tax laws as it concerns sales tax, a listed tax. See Ind.Code § 6–8.1–1–1 (2004) (designating the sales tax as a listed tax). Second, Fresenius received a final determination from the Department on June 7, 2010, denying its claim for refund. The Department's claim that this Court lacks subject matter jurisdiction over Fresenius's appeal is therefore without merit. Accordingly, its Trial Rule 12(B)(1) motion is DENIED.

## II. STANDING

■ Next, the Department asserts that Fresenius's appeal must be dismissed because it lacks the requisite standing to bring its case before the Court. (Resp't Br. at 12.) Standing, a judicial doctrine intended to assure that litigation will be actively and vigorously contested, focuses on whether the complaining party is the proper person to invoke the court's power. *Schloss v. City of Indianapolis,* 553 N.E.2d 1204, 1206 (Ind.1990). Under that doctrine, only those persons who have a personal stake in the outcome of the litigation and who show that they have suffered or were in immediate danger of suffering a direct injury as a result of the complained of conduct will be found to have standing. *Higgins v. Hale,* 476 N.E.2d 95, 101 (Ind. 1985). Absent such a showing, complainants may not invoke the jurisdiction of the court. *Id.*

In its motion, the Department argues that in order for Fresenius, a retail merchant, to have standing to seek a sales tax refund, it must satisfy the requirements of Indiana Code § 6–2.5–6–14.1.[4] (Resp't Br. at 11 (footnote added).) (*See also* Pet., Ex. A at 4 (where Department stated in its final determination that because Fresenius had not returned to its customers the tax it initially collected from them, it lacked standing to file a claim for refund *with the*

---

**3.** Indiana Code § 6–8.1–3–8 provides that "a person may not represent a taxpayer before the department, unless: [ ](1) the taxpayer is present at all times when the representation occurs; or [ ](2) the person representing the taxpayer has a properly executed power of attorney authorizing him to represent the taxpayer." Ind.Code § 6–8.1–3–8 (2004).

**4.** The Department also contends that Fresenius does not have standing because it has admitted "that it lacks an[ ] economic interest in the refund at issue[.]" (*See* Resp't Br. at 12.) While the Department attached evidence to its motion to dismiss to support this con-

tention, it never cited or referred to that evidence. (*See* Resp't Br. at 12.) The general rule is that when a motion to dismiss for failure to state a claim under Trial Rule 12(B)(6) is supplemented with materials outside the pleadings, it should be treated as a motion for summary judgment *unless* the court excludes the materials. Ind. Trial Rule 12(B). Given this Court's ruling that Fresenius has standing to bring it its claim under Indiana Code § 6–2.5–6–14.1, the Court need not consider—and therefore excludes—the Department's evidentiary material in question.

*Department* ).) That statute provides that "a retail merchant is not entitled to a refund of state gross retail or use taxes unless the retail merchant refunds those taxes to the person from whom they were collected." Ind.Code § 6–2.5–6–14.1 (2004). The Department contends that this statute clearly provides that "the merchant is not entitled to seek a refund *until* it refunds the money to its customers." (Hr'g Tr. at 8 (emphasis added).) The Department explains that because Fresenius acknowledges that it has not yet returned to its customers the tax it initially collected from them, it lacks the requisite standing to bring its case before this Court.[5] The Court disagrees for two reasons.

First, the Department has read Indiana Code § 6–2.5–6–14.1 as if it places a limitation on a retail merchant's ability *to seek* a refund. Nevertheless, the General Assembly placed the general framework by which a retail merchant is able to seek a sales tax refund in Indiana Code § 6–8.1–9–1 and § 6–8.1–9–2. *See* IND.CODE §§ 6–8.1–9–1(a)–(c), –2 (2004). Thus, Indiana Code § 6–2.5–6–14.1 has nothing to do with a retail merchant's ability to seek a refund. Instead, only after it has been determined that a retail merchant is entitled to a refund does Indiana Code § 6–2.5–6–14.1 come into play by placing a limitation on the retail merchant's ability to receive the money. Accordingly, under the plain meaning of Indiana Code § 6–2.5–6–14.1, a retail merchant will receive the refund to which it is entitled only if it returns the money to the customers from which it was improperly collected. I.C. § 6–2.5–6–14.1.

Second, the words "unless" and "until" are not synonymous. The word "unless" is defined as "except on the condition that[.]"

WEBSTER'S THIRD NEW INT'L DICTIONARY 2503 (2002 ed.). In contrast, the word "until" is defined as "a function word after a negative expression to indicate performance or occurrence *at a specified time*[.]" *Id.* at 2513 (emphasis added). Thus, while the meaning of the word "unless" contemplates that a condition must be met, it does not require that the condition be based on a temporal ordering of events as does the word "until."

In support its claim that Fresenius lacks standing, the Department has urged the Court to read words into Indiana Code § 6–2.5–6–14.1 that are not there. Nonetheless, the language of the statute is plain and unambiguous, and therefore the Court has no power to construe it in a way that would either limit or extend its operation. *See F.A. Wilhelm Constr. Co. v. Indiana Dep't of State Revenue*, 586 N.E.2d 953, 955 (Ind. Tax Ct.1992) (citation omitted). The Department's claim is consequently without merit and, as a result, the Court DENIES its Trial Rule 12(B)(6) motion.

## III. CLASS ACTION

■ A class action is "a lawsuit in which the court authorizes a single person or a small group of people to represent the interests of a larger group[.]" BLACK'S LAW DICTIONARY 284 (9th ed. 2009). "As soon as practicable after the commencement of an action brought as a class action, the court ... shall determine by order whether it is to be so maintained." Ind. Trial Rule 23(C)(1). Such a determination requires a party to demonstrate to the court that certain requirements have first been met. *See generally* T.R. 23(A)–(C).

In its motion, the Department argues that Fresenius's appeal must be dismissed

---

**5.** During the hearing, the Department further explained that retail merchants do not pay sales tax, they merely collect it from their customers as an agent for the state. (*See* Hr'g Tr. at 6–7 (*citing* IND.CODE § 6–2.5–2–1(a) (2004).))

"[b]ecause [Fresenius] has sought to litigate this matter on behalf of a class of taxpayers but has not sought class certification[.]" (Resp't Br. at 13.) This claim, like the Department's previous two, however, fails.

Fresenius has a statutory right to appeal the denial of its claim for refund with this Court. *See supra.* Consequently, it does not need to pursue its appeal—nor has it—as a class action. Accordingly, the Department's request that the case be dismissed under Indiana Trial Rule 12(B)(6) due to Fresenius's failure to seek class certification is DENIED.

**CONCLUSION**

For the foregoing reasons, the Department's motion to dismiss is DENIED. The Court will schedule the matter for a case management conference in a separate order.

SO ORDERED.