ATTORNEYS FOR PETITIONER:
**FRANCINA A. DLOUHY**
**J. DANIEL OGREN**
**DANIEL R. ROY**
FAEGRE BAKER DANIELS LLP
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**ANDREW W. SWAIN**
CHIEF COUNSEL TAX SECTION
**EVAN W. BARTEL**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

FILED
Jul 15 2016, 2:02 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

FRESENIUS USA MARKETING, INC., )
)
    Petitioner, )
)
          v. )   Cause No. 49T10-1008-TA-00045
)
INDIANA DEPARTMENT OF )
STATE REVENUE, )
)
    Respondent. )

---

## ORDER ON PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

---

**FOR PUBLICATION**
**July 15, 2016**

WENTWORTH, J.

Fresenius USA Marketing, Inc. has appealed the Indiana Department of State Revenue's denial of its claim for refund of gross retail (sales) tax remitted on its sales of durable medical equipment and supplies to Indiana clinics between January 1, 2004, and October 31, 2007 (the Period at Issue). The matter, currently before the Court on the parties' cross-motions for summary judgment, presents one dispositive issue: whether the Department is bound by its published ruling interpreting the exemption

provided by Indiana Code § 6-2.5-5-18(a).

## FACTS AND PROCEDURAL HISTORY

Fresenius is a Delaware corporation that sells, among other things, dialysis machines, dialyzers, fistula needles, blood lines, compression dressings and bandages, intravenous sets, and syringes. (Pet'r App. (hereinafter, "Pet'r Des'g Evid."), Ex. 1 ¶¶ 1-2.) During the Period at Issue, Fresenius sold its dialysis equipment to clinics in Indiana that used it to provide dialysis treatment to patients with prescriptions or standing orders from licensed practitioners authorized to issue them. (See Pet'r Des'g Evid., Ex. 1 ¶¶ 2-3, 9-10, 14.)

Fresenius collected sales tax on the medical equipment and supplies it sold to the clinics and remitted the tax to the Department. (Pet'r Des'g Evid., Ex. 1 ¶ 15.) On December 16, 2007, Fresenius filed a claim for refund with the Department, and on June 7, 2010, the Department denied Fresenius's claim. (See Pet'r Des'g Evid., Ex. 8.)

On August 21, 2010, Fresenius initiated an original tax appeal. The Department moved to dismiss Fresenius's appeal on February 17, 2011, claiming that, among other things, Fresenius lacked standing. See Fresenius USA Mktg., Inc. v. Indiana Dep't of State Revenue, 970 N.E.2d 801, 803 (Ind. Tax Ct. 2012), review denied. On June 1, 2012, this Court denied the Department's motion. See id. at 806.

On November 25, 2013, Fresenius and the Department each filed cross-motions for summary judgment.[1] The Court conducted a hearing on the motions on March 20, 2014. Additional facts will be supplied if necessary.

---

[1] In its motion for summary judgment, the Department also argued (for a second time) that Fresenius lacks standing to bring its appeal. (See, e.g., Resp't Br. Supp. Mot. Summ. J. ("Resp't Br.") at 5-6.) The Court has already rejected this argument and finds no basis to reverse its decision. See Fresenius USA Mktg., Inc. v. Indiana Dep't of State Revenue, 970 N.E.2d 801, 804-05 (Ind. Tax Ct. 2012), review denied.

**STANDARD OF REVIEW**

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). In reviewing a motion for summary judgment, this Court will construe all properly asserted facts and reasonable inferences drawn therefrom in favor of the non-moving party. See Scott Oil Co. v. Indiana Dep't of State Revenue, 584 N.E.2d 1127, 1128-29 (Ind. Tax Ct. 1992). Cross-motions for summary judgment do not alter this standard. Horseshoe Hammond, LLC v. Indiana Dep't of State Revenue, 865 N.E.2d 725, 727 (Ind. Tax Ct. 2007), review denied.

**LAW**

Indiana imposes a sales tax on all retail transactions made in Indiana. See IND. CODE § 6-2.5-2-1(a) (2016). Indiana's Legislature, however, has expressly exempted certain retail transactions from the imposition of sales tax. See generally IND. CODE §§ 6-2.5-5-1 to -41 (2004). For example, the exemption at issue states:

> Sales of durable medical equipment, prosthetic devices, artificial limbs, orthopedic devices, dental prosthetic devices, eyeglasses, contact lenses, and other medical supplies and devices are exempt from the [sales] tax, if the sales are prescribed by a person licensed to issue the prescription.

IND. CODE § 6-2.5-5-18(a) (2004) (amended 2010) (the Durable Medical Equipment Exemption).

The Legislature provided the Department with authority to interpret the statutes governing the listed taxes,[2] but limited the effect of its interpretations as follows:

> No change in the department's interpretation of a listed tax may take effect before the date the change is:
> (1) adopted in a rule under this section; or

---

[2] Indiana's sales tax is a "listed tax." See IND. CODE § 6-8.1-1-1 (2004) (amended 2005).

3

> > (2) published in the Indiana Register under IC 4-22-7-7(a)(5),
> > > if IC 4-22-2 does not require the interpretation to be adopted as a rule;
> >
> > if the change would increase a taxpayer's liability for a listed tax.

IND. CODE § 6-8.1-3-3(b) (2004). In 1998, the Department interpreted the predecessor to the Durable Medical Equipment Exemption[3] to apply to sales of medical equipment made to healthcare service providers for treating patients with a prescription. See 21 Ind. Reg. 2656-59 (Apr. 1, 1998) (Revenue Ruling ST 98-02) (the 1998 Ruling). (See also Pet'r Des'g Evid., Ex. 10.) After the Period at Issue, the Department issued two Revenue Rulings in 2008 that again exempted healthcare service providers' purchases of durable medical equipment and supplies under the Durable Medical Equipment Exemption. See Ind. Reg. LSA Doc. No. 08-387 (May 28, 2008) (see http://www.in.gov/legislative/register/irtoc.htm) (Revenue Ruling #2008-03ST); Ind. Reg. LSA Doc. No. 09-39 (Jan. 1, 2009) (see http://www.in.gov/legislative/register/irtoc.htm) (Revenue Ruling #2008-17 ST). (See also Pet'r Des'g Evid., Exs. 15-16.) Thereafter, however, the Department revoked the two 2008 Revenue Rulings and replaced them with two new Revenue Rulings that changed its interpretation of the Durable Medical Equipment Exemption to exempt only sales made directly to patients with a prescription. See Ind. Reg. LSA Doc. Nos. 09-980, 09-981 (Dec. 23, 2009) (see http://www.in.gov/legislative/register/irtoc.htm) (Revenue Rulings #2009-16 ST and #2009-17 ST); Ind. Reg. LSA Doc. Nos. 10-159, 10-160 (Mar. 24, 2010) (see http://www.in.gov/legislative/register/irtoc.htm) (Revenue Rulings #2010-01 ST and

---

[3] The prior version of the Durable Medical Equipment Exemption read as follows: "Sales of artificial limbs, orthopedic devices, dental prosthetic devices, eyeglasses, contact lenses, and other medical equipment, supplies, and devices are exempt from the [sales] tax, if the sales are prescribed by a person licensed to issue the prescription." IND. CODE § 6-2.5-5-18(a) (1998) (amended 2003). The subsequent amendment to the Durable Medical Equipment Exemption has no bearing on the outcome of this matter.

#2010-02 ST).  (See also Pet'r Des'g Evid., Exs. 17-20.)

## ANALYSIS

On appeal, Fresenius claims it is entitled to the Durable Medical Equipment Exemption because the Department must follow its interpretation of the exemption set forth in its 1998 Ruling.  (See Pet'r Br. Supp. Mot. Summ. J. ("Pet'r Br.") at 8-17.)  The Department contends, however, that it is not required to follow the 1998 Ruling because: 1) it is not an interpretation of the statutes governing the listed taxes that binds the Department under Indiana Code § 6-8.1-3-3(b), and 2) it was not issued to Fresenius.  (See, e.g., Hr'g Tr. at 57-63; Resp't Reply Supp. Mot. Summ. J. ("Resp't Reply Br.") at 6-8.)

## I.

The Department argues first that it is bound by Indiana Code § 6-8.1-3-3(b) only when it interprets a statute by promulgating a regulation.  (See Hr'g Tr. at 57-63.) Accordingly, the Department maintains that because the 1998 Ruling is not a regulation, it is not bound to follow it.  (See Hr'g Tr. at 57-63.)

The Court is not persuaded by the Department's argument for two reasons. First, the Department's own regulation interpreting its administrative duties, powers, and responsibilities clarifies that the Department is not limited to interpreting a statute through a regulation, explaining that "[t]he department provides advice to taxpayers in many different forms."  45 IND. ADMIN. CODE 15-3-2(d)(1) (2004).  Second, the Court has previously addressed this issue and determined that

> Indiana Code § 6-8.1-3-3 requires the Department to interpret the statutes governing Indiana's listed taxes, but the methods by which it may do so are varied.  For example, in some cases the Department may issue binding [Letters of Findings ("LOFs")] or

5

[Letters of Advice ("LOAs")] interpreting the listed taxes; in other cases, it may issue non-binding LOAs. When the Department is to be bound by the rulings it issues, whether in the form of a LOF or a LOA, however, that ruling must eventually be published in the Indiana Register.

Mirant Sugar Creek, LLC v. Indiana Dep't of State Revenue, 930 N.E.2d 697, 700 (Ind. Tax Ct. 2010) (emphases added). The Department's interpretation of the Durable Medical Equipment Exemption contained in the 1998 Ruling was published in the Indiana Register; accordingly, the Department is bound by it.

**II.**

Next, the Department claims that Fresenius cannot rely on its interpretation of the Durable Medical Equipment Exemption in its 1998 Ruling because regulation 45 IAC 15-3-2(d)(3) states that "'only the taxpayer to whom the ruling was issued is entitled to rely on it.'" (See Resp't Reply Br. at 7 (citation omitted).) The Department's argument fails, however, for three reasons.

First, the Department cites to Norrell Services, Inc. v. Indiana Department of State Revenue, 816 N.E.2d 517 (Ind. Tax Ct. 2004) as support for its position that only the taxpayer to whom a ruling is issued is entitled to rely on it. (See Resp't Reply Br. at 6-7; Hr'g Tr. at 53-55, 69-70.) In Norrell, the Department had issued two Letters of Findings to the same taxpayer: the first taking one position and the second regarding subsequent years taking a different position. See Norrell Servs., Inc. v. Indiana Dep't of State Revenue, 816 N.E.2d 517, 518-19 (Ind. Tax Ct. 2004), review denied. The Court held that Indiana Code § 6-8.1-3-3(b) prohibited the Department from applying the changed interpretation in the second Letter of Findings to the years before it was published in the Indiana Register. See id. at 519-20. Because Norrell did not address the binding effect of rulings on different taxpayers, which is the factual posture in this

6

case, the Norrell case is not applicable.

Second, the plain language of Indiana Code § 6-8.1-3-3(b) states that "[n]o change in the department's interpretation of a listed tax may take effect before the date the change is: (1) adopted in a rule under this section; or (2) published in the Indiana Register . . . if the change would increase a taxpayer's liability for a listed tax." I.C. § 6-8.1-3-3(b). If the Legislature had intended this provision to apply only to the taxpayer to whom the published ruling was issued, it could have used the definite article (i.e., "the" taxpayer) rather than the indefinite article (i.e., "a" taxpayer). See THE CHICAGO MANUAL OF STYLE §§ 5.69-5.70 at 222-23 (16th ed. 2010) (explaining that the use of an indefinite article points to nonspecific objects, things, or persons that are not distinguished from the other members of a class; the use of a definite article points to a definite object that is so well understood that it does not need description).

Finally, the Department claims that its own regulation indicates that the taxpayer to whom a ruling is issued is alone entitled to rely on it. (See Resp't Reply Br. at 7 (citing 45 I.A.C. 15-3-2(d)(3)).) The Department's claim, however, relies on only one isolated portion of its regulation, ignoring the remainder of the provision that expressly permits other taxpayers than the taxpayer to whom the ruling was issued to rely on its rulings:

> Since the department publicizes summaries of rulings which it makes, other taxpayers with substantially identical factual situations may rely on the publicized rulings for informational purposes in preparing returns and making tax decisions. Generally, department publications may be relied on by any taxpayer if their fact situation does not vary substantially from those facts upon which the department based its publication. If a taxpayer relies on a publicized ruling and the department discovers, upon examination, that the fact situation of the particular taxpayer is different in any material respect from that

7

situation on which the original ruling was issued, the ruling will afford the taxpayer no protection and the examination will apply to all open years under the statutes.

45 I.A.C. 15-3-2(d)(3) (emphases added).   Accordingly, to the extent Fresenius establishes that its facts are "substantially identical" to the facts in the 1998 Ruling, the Department is bound to follow it.

Fresenius designated evidence demonstrating that its facts are substantially identical to those in the 1998 Ruling.[4]  (Compare Pet'r Des'g Evid., Ex. 1 ¶¶ 1-14 with Ex. 10.)   Moreover, the Department did not demonstrate that Fresenius's factual situation varied in some material respect to the facts set forth in the 1998 Ruling.  (See generally Resp't Br. Supp. Mot. Summ. J.; Resp't Br. Resp. Pet'r Mot. Summ. J.; Resp't Reply Br.)  Indeed, the Department has stipulated, among other things, that Fresenius has facts identical to the facts in the 1998 Ruling.  For example, the parties have stipulated that, like the taxpayer in the 1998 Ruling, Fresenius sold medical equipment and supplies to healthcare service providers to treat patients, that the healthcare service providers used the equipment to treat patients with prescriptions for its use,[5] and that federal law required the equipment to be used by licensed practitioners or under a licensed practitioners' direction.  (Compare Pet'r Des'g Evid., Ex. 1 ¶¶ 1-11, 14 with Ex.

---

[4]  Fresenius also claimed that four other Letters of Findings supported its position.  (See Pet'r Br. Supp. Mot. Summ. J. at 10-13; Pet'r App. (hereinafter, "Pet'r Des'g Evid."), Exs. 11-14.)  A review of those Letters of Findings, however, reveals that they all concern distinguishable sales transactions.  (Compare Pet'r Des'g Evid., Exs. 11-14 (regarding sales between healthcare service providers and their patients) with supra p. 2 and Ex. 10 (regarding sales between corporate entities and healthcare service providers).)

[5]  The Department challenged the applicability of the 1998 Ruling, claiming it failed to examine whether the purchaser of the medical equipment was the actual patient to whom it was "prescribed."  (See, e.g., Resp't Br. at 7-9; Resp't Br. Resp. Pet'r Mot. Summ. J. at 3-6, 10-11.)  This claim, however, is unpersuasive because it asks the Court to adopt the Department's new interpretation of the Durable Medical Equipment Exemption, not the binding interpretation of the exemption set forth in its 1998 Ruling.  (Compare Pet'r Des'g Evid., Exs. 17-20 with Ex. 10.)

10.) Thus, Fresenius has established that its facts are substantially identical to the facts in the Department's 1998 Ruling.

Even though the 1998 Ruling was not issued to Fresenius, it was entitled to rely on it because it demonstrated factual similarity. Because it did not rebut Fresenius's showing of similarity, the Department is bound by its interpretation in its 1998 Ruling. Consequently, while the Department is not entitled to summary judgment on this basis, Fresenius is.

## CONCLUSION

For the foregoing reasons, the Court GRANTS summary judgment in favor of Fresenius and against the Department. According to Indiana Code § 6-2.5-6-14.1, this case is remanded to the Department to grant Fresenius's refund claim and refund the sales tax Fresenius remitted together with all applicable interest after Fresenius provides the Department with verification that it has refunded to its customers the full amount of sales tax it erroneously collected from them during the Period at Issue.

SO ORDERED this 15th day of July 2016.

Martha Blood Wentworth, Judge
Indiana Tax Court

DISTRIBUTION: Francina A. Dlouhy, J. Daniel Ogren, Daniel R. Roy, Andrew W. Swain, Evan W. Bartel